The State, *ex rel.* Bunnell, *v.* Hay *et al.*

No. 10,090.

## THE STATE, EX REL. BUNNELL, *v.* HAY ET AL.

PRACTICE.—*Bill of Exceptions.*—The filing of an amended complaint and answer thereto supersedes the original pleading, and where no motions are made in relation to the answer filed to such amended complaint, a bill of exceptions embracing rulings upon motions made in respect to the original answer can not be available to raise any question upon the second answer filed.

SAME.—*Demurrer.*—*Presumption.*—Where a demurrer is overruled to a pleading, but is not in the record, no question is presented thereby to the Supreme Court, the presumption being in favor of the action of the trial court.

From the White Circuit Court.

*R. Gregory* and *T. N. Bunnell,* for appellant.

*A. W. Reynolds* and *E. B. Sellers,* for appellees.

FRANKLIN, C.—Appellant commenced this suit against the sheriff and his sureties on the official bond of Hay as such sheriff.

At the January term, 1882, the defendants filed an answer, at which term the plaintiff moved to have defendants' answer separated into paragraphs, which was overruled. He then moved to strike out parts of answer, which was also overruled. He then demurred to the answer, and, upon his affidavit, the venue was changed from the trial judge. Afterwards, on the 17th day of January, 1882, the plaintiff, on leave of the court, filed an amended complaint which is copied in the record, to which the defendants filed an answer in one paragraph, which is also copied in the record, to which answer the plaintiff filed a demurrer, which is not copied in the record, and a memorandum is made by the clerk that it "is not on file." On the 18th day of January, 1882, the demurrer to the second answer was overruled. The plaintiff declined to further plead, and the court rendered final judgment for the defendants, for costs, and sixty days were given the plaintiff in which to file a bill of exceptions, which was filed within the time allowed, and the plaintiff appealed to this court, assigning the following errors:

1st. Overruling motion to require defendants to separate their answer into paragraphs.

2d. Overruling motion to strike out parts of answer.

. 3d. Overruling the demurrer to the answer.

When the amended complaint was filed, and an answer thereto was filed, all the former pleadings were superseded and excluded from the record. There were no motions made in relation to the answer that was filed to the amended complaint, and a bill of exceptions can not bring forward the rulings upon the motions in relation to the former answer, and make them applicable to the second answer filed. For aught that appears of record, it may be entirely different from the former one, and we may add that we do not see any sufficient reason for either of the motions being sustained, had they been made to the second answer.

The demurrer to the second answer, not being in the record, may have been so informal or defective as to present no question for consideration; and the presumption is that the court did right in overruling it. No question is presented in the record for the decision of this court.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.