GEORGE TAYLOR

*v.*

GEORGE WRIGHT.

*Filed at Springfield September 27, 1887.*

1. TAXATION AND TAX TITLES—*sufficiency of description.* A description of land for the purposes of taxation, "W. side N. ½, S. E. N. W. 10 acres, Sec. 8, T. 23, R. 10," is sufficiently certain. The "W. side" means the west side. .

2. SAME—*costs chargeable on delinquent land.* Under the act of March 29, 1872, the following costs are to be charged to and collected with the delinquent taxes on land sold for taxes: For making list of delinquent land for judgment, three cents; for making same on precept, sale and redemption record, three cents; for making list to the auditor, of land sold, three cents; and for issuing certificate of sale, twenty-five cents,—making in all thirty-four cents; and the delinquent tract may be sold for that sum, in addition to the taxes, etc.

3. SAME—*tax deed as evidence of regularity of sale.* Section 224 of the Revenue law of 1874, makes the deed executed in pursuance of its provisions, *prima facie* evidence that the land therein described was sold at the time and place required by law, and it is incumbent on the party questioning the tax title to prove that it was not so sold.

4. SAME—*sale of only part of a tract, after judgment against the whole—presumption.* The record of a sale of land for taxes showed that the north half of the south-east quarter of the north-west quarter of section 8, contained only seventeen acres, and that after the judgment against the tract, and before sale, the amount charged against the east seven acres was paid, thus: "E. 7 pd.—amount paid before sale, $6.60." The west side of the north half

of the south-east quarter of the north-west quarter of section 8, ten acres, was sold. This was held sufficient to show the reason why only ten acres was sold. But aside from this, the presumption from the tax deed is, that the part sold was properly sold.

5. SAME—*notice of time for redemption—its requisites.* A notice of the purchase of land for taxes which fails to state for what year the land was taxed, and to whom it was taxed, is insufficient to authorize a tax deed. But if it states the name of the person against whom it was assessed, that is equivalent to a statement that it was taxed to the person to whom it was assessed.

6. SAME—*service of notice—upon whom—as to one only in constructive possession.* The constitution and statute do not require a personal notice of the tax sale and of the time when the redemption will expire, upon one merely in the constructive possession or occupancy of the land, but only upon an actual possessor or occupant.

7. SAME—*time when notice must be given.* The constitution, requiring notice to be given of tax purchases, etc., does not restrict the General Assembly as to the time when it shall require the notice to be given, and consequently the statute requiring such notice to be given three months before the time of redemption expires, is a valid law. Purchasers, and others, acquiring rights in the property after the giving of such notice, will occupy the position of purchasers *pendente lite,* and notice to them is not necessary.

8. SAME—*of the affidavit of the service of notice.* An affidavit of the giving of notice of the purchase of land for taxes, and of the time when the right of redemption will expire, is fatally defective if it fails to show that the person making it was the purchaser, his assignee or his agent, and that no one was in the actual possession or occupancy of the land at the time of the giving of the notice by publication. The mere signing of the affiant's name, with the word "agent" after it, without stating of whom he was agent, will not meet the requirement of the law.

9. An affidavit that "no person was in actual possession or occupancy of said piece or parcel of land for any period of the time from the date of said sale down to a date not more than three months before the 21st day of June, 1879, *within the knowledge or belief* of this deponent," without showing that he had any knowledge of the fact upon which to base a rational belief, is insufficient to authorize the making of a tax deed upon publication of notice.

10. PRACTICE IN THE SUPREME COURT—*giving opinion upon questions not presented.* This court will not give an opinion, although requested to do so by counsel, upon a question not presented by any assignment of error. Such an opinion would be gratuitous, and not conclusive upon the parties or the court.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. Stephen R. Moore, for the appellant:

The land was sold for illegal costs, and for more than it was legally liable. Sec. 21 of act of 1872; Sess. Laws of 1871-72, p. 437.

The record fails to show that the land was sold at the time and place required by law. Notice of the time and place of sale is necessary. Cooley on Taxation, 338.

A sale either before or after the time which has been named can not be sustained. *Hope* v. *Sawyer*, 14 Ill. 254.

Nor can it be determined what part of the north half of the south-east quarter of the north-west quarter of section 8 is sold. The record shows "acres or part sold, 10." This may cover any part of the tract not exceeding ten acres. The sale is void for uncertainty *Curry* v. *Hinman*, 11 Ill. 426; *Morrison* v. *Kelly*, 22 id. 610; *Fitch* v. *Pinckard*, 4 Scam. 70.

The court does not know what the "W. side" of the tract means. It may mean the "wet" side, the "west" or the "wrong" side. The land should be taken from the east side. *Spellman* v. *Curtenius*, 12 Ill. 409.

The validity of the deed is dependent on the performance of the statutory conditions of giving notice for redemption and making affidavit of same, and a failure to comply with the statute will be fatal to deed, regardless of what the real facts may be. The validity of the deed depends upon a strict compliance with the law. *Gage* v. *Mayer*, 117 Ill. 632; Burroughs on Taxation, p. 320, sec. 116; *Fitch* v. *Pinckard*, 4 Scam. 69; *Morgan* v. *Camp*, 16 Ill. 175; *Altes* v. *Hinckler*, 36 id. 265; *Charles* v. *Waugh*, 35 id. 315; *Holbrook* v. *Dickinson*, 46 id. 285.

The affidavit does not show a compliance with section 216 of the Revenue act, nor with section 5, article 9, of the constitution.

The constitutional provision is, "that occupants of land shall, in all cases, be served with personal notice before time

of redemption expires," and the legislature is required to provide what is a reasonable notice to be served; and the legislature, in view of the provision that notice must be served on · the occupant, makes a distinction between actual possession and occupancy. Actual possession means *pedis possessio.* Occupancy means a possession by acts of ownership, by cultivation or user, with or without an actual residence upon it. This doctrine is sustained by this court in *Morrison* v. *Kelly,* 22 Ill. 610, and *Erring* v. *Burnett,* 10 Pet. 53.

It is necessary that the affidavit of proper notice for redemption should state the particular facts relied on as showing a compliance with the law, so that the court may determine, from the facts stated, that the law has been complied with, and diligence shown to authorize a deed to be issued. *Wallahan* v. *Ingersoll,* 117 Ill. 123; *Price* v. *England,* 109 id. 394; *Gage* v. *Bailey,* 100 id. 580; *Holbrook* v. *Fellows,* 38 id. 440; *Nelson* v. *McKennon,* 52 id. 43; *Barnard* v. *Hoyt,* 63 id. 341; *Cooley on Taxation,* 336, and authorities cited in note 4.

The affidavit is insufficient for another reason. The sale was made on June 22, 1877, and the owner had two years in which to redeem, which includes all the day of June 22, 1879. *Gage* v. *Bailey,* 100 Ill. 536.

The affiant says no one was in actual possession from the time of the sale down to a date not more than three months before the 21st day of June, 1879, in the knowledge or belief of the deponent. That might be true, and yet within three months before June 22, 1879, some person may have been in actual possession and occupancy of the premises.

The affidavit says further that Earl "caused a proper notice to be published" in a newspaper. What is a proper notice is left to be determined by the affiant. It is defective in not stating "particularly the facts relied on as such compliance" with the giving of the notice. *Price* v. *England,* 109 Ill. 396; *Wallahan* v. *Ingersoll,* 117 id. 123; *Gage* v. *Mayor,* id. 632.

Messrs. COOK & MOFFETT, for the appellee:

The total fees allowed to the clerk was thirty-four cents. The statute provides that this shall be charged as costs, and collected with the taxes. Act of March, 1872, secs. 18, 21, 22.

The judgment that "said tracts of land, etc., be sold as the law directs," is in the form prescribed by the statute. Laws of 1873, p. 47, sec. 191.

The statute makes the tax deed *prima facie* evidence "that the real estate was advertised for sale in the manner and for the length of time required by law," and "that the sale was conducted in the manner required by law." Act of March, 1872, sec. 224.

The "W. ten acres of a tract" means the west ten acres thereof. *Bowen* v. *Prout*, 52 Ill. 355.

The taxes on the east seven acres having been paid, the collector had no right to sell it. The court does know that "W. side" means the west side. *Law* v. *People*, 80 Ill. 268; *Fowler* v. *People*, 93 id. 116; *Sibley* v. *Smith*, 2 Mich. 287.

The statute does not require that the name of the purchaser shall be given in the notice. The purchaser or assignee shall give the notice, in which shall be stated the date of purchase, in whose name taxed, description of the land, for what year taxed, and when the time of redemption expires. (Revenue act, sec. 216.) It is sufficient to show that the notice contained the name of the person to whom the land was assessed. *Frew* v. *Taylor*, 106 Ill. 159.

The affidavit of notice is in the identical form of that in the case last above cited.

The rule, as understood by us, is:

*First*—The occupant must be served with notice at least three months prior to the day when the right of redemption expires. 2 Gross' Stat. p. 366, sec. 680; 2 Starr & Curtis, chap. 120, sec. 218.

*Second*—A notice served less than three months prior to such day will not avail the purchaser. Idem.

*Third*—If there be an occupant, he can be served with notice more than three months prior to the day when the right of redemption expires. *Garrick* v. *Chamberlain*, 97 Ill. 620.

*Fourth*—It is sufficient to serve the occupant, if there be one, at the time of publication, provided that such publication be in apt time. *Gage* v. *Bailey*, 100 Ill. 530; 102 id. 11; *Hand* v. *Ballou*, 12 N. Y. 541.

Here the publication was made, commencing February 8, 1879, and the affidavit shows that no person was in actual possession or occupancy for any period of time from the date of said sale down to a date not more than three months prior to June 21, 1879, and that James Mix, in whose name said land was assessed, could not be found, "upon diligent inquiry," in said county of Ford, and did not reside therein during the same period of time. This is sufficient. *Frew* v. *Taylor*, 106 Ill. 159; *Gage* v. *Bailey*, 100 id. 530.

By taking the deed, and the title which it conveyed, Earl ratified the act of Frederick, and he thus became his agent at the time the affidavit was made, even if it be true that he had no authority to act for him at the time.

An unauthorized act by one assuming to be an agent for another, may be ratified by the principal, and such ratification gives to the act the same effect as if it were previously duly authorized. *Flynn* v. *Railroad Co.* 63 Iowa, 492; *Mason* v. *Caldwell*, 5 Gilm. 196; *Drakely* v. *Gregg*, 8 Wall. 242; *Rogers* v. *Kneeland*, 10 Wend. 218.

We do not agree with counsel in his definition of occupancy. As we understand it, occupancy means *pedis possessio*,—the actual possession. *Ewing* v. *Burnett*, 11 Pet. 41; *Walters* v. *People*, 18 Ill. 194; *Morrison* v. *Kelly*, 22 id. 610; 2 Bouvier's Law Dic.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was ejectment, by appellant, against appellee, for a certain tract of land in Ford county. Appellee, on the trial,

gave in evidence a tax deed, and numerous questions have been discussed in argument in relation to the sufficiency of that deed. We have given these questions as careful consideration as we can, and the following are our conclusions thereon:

*First*—Counsel for appellant makes a calculation, showing, as he claims, that the amount for which the land was sold at the tax sale was too large, by forty-four cents. There is an error in counsel's addition, of ten cents. His figures really make, when added, only thirty-four, instead of forty-four, cents, and that thirty-four cents is authorized by section 18 of the act of March 29, 1872, which both sides agree is applicable to this sale, thus: "Making list delinquent land for judgment, three cents; making list delinquent land on precept, sale and redemption record, three cents; making list to auditor, of land sold, three cents; issuing certificate of sale, twenty-five cents; total, thirty-four cents." (See Laws of 1871-72, pp. 432, 433.) These shall, by the express language of the statute, "be charged as costs against the delinquent property, and be collected with the delinquent taxes thereon."

*Second*—It is contended it nowhere appears that the land was sold at the time and place required by law. But section 224 of the Revenue law (Rev. Stat. 1874, p. 895) provides that tax deeds, executed pursuant to its provisions, shall be *prima facie* evidence in all controversies and suits in relation to the right of the purchaser, his heirs or assigns, to the real estate thereby conveyed, of the following facts: "Fourth, that the real estate was advertised for sale in the manner and for the length of time required by law; fifth, that the real estate was sold for taxes or special assessments, as stated in the deed; sixth, that the grantee in the deed was the purchaser or assignee of the purchaser; seventh, that the sale was conducted in the manner required by law." The deed here appears to have been executed pursuant to the provisions of this statute, and the burden is therefore upon appellant to

overcome the *prima facie* case made by the deed. He has not proved that the land was not sold at the time and place required by law.

*Third*—It is contended the description is void for uncertainty. It is: "W. side N. ½ S. E. N. W. 10 acres, sec. 8, T. 23, R. 10,—quantity sold, 10 acres." We think, on the authority of *Law* v. *The People ex rel.* 80 Ill. 268, and *Fowler* v. *The People*, 93 id. 116, this was sufficient. It is not a question of what possible construction might be put upon these initials, but, what construction would be given them by persons familiar with descriptions of real estate. They are to be construed with reference to the known customs of those whose duties are to describe real estate for purposes of taxation. We are to assume that some tangible and definite quantity was intended to be described, and we are not to be ignorant, as a court, of what we would understand as individuals. We can not, therefore, understand that "W. side" means, as counsel contend we might, "wrong side," or "wet side," because such words are never used in describing real estate for taxation. Such words, in that connection, would be utterly senseless. We can take notice that, by custom, there is always given to the initial "W," in a connection like the present, the meaning of "west." Any one familiar with tax books understands this, as well as if the word "west" were written in full, and this being so, the description is sufficient for all purposes.

*Fourth*—Some objection is urged that it does not appear that the east side of the described subdivision of the congressional survey was sold. It appears from the record that the north half of the south-east quarter of the north-west quarter, above described, contained only seventeen acres, and that, after judgment and before sale, the amount charged against the east seven acres was paid, so, necessarily, it left to be sold only the ten acres on the west side of the tract. This, we think, appears sufficiently from the memorandum on

the judgment record: "E. 7 pd.—Amount paid before sale, $6.60." But, waiving this, we have seen that the presumption from the deed is, that the sale was conducted in the manner required by law, and so, necessarily, that the part sold was properly sold, and there is nothing before us to overcome this presumption.

*Fifth*—It is contended that the notice of the expiration of the time when the right to redeem will expire, is insufficient, in not clearly designating R. Pollock as the purchaser, and also because it omits to state for what year the land was taxed. The notice reads thus:

"*To whom it may concern:*

"You are hereby notified that at a sale of real estate made by the county treasurer at the court house in Paxton, in the county of Ford and State of Illinois, we did, on the 19th day of June, A. D. 1877, purchase the following described real estate for the taxes and costs thereon for the year 1876, and that the time for redeeming said real estate will expire on the 19th day of June, A. D. 1879, to-wit." (Here follows a description of the real estate.) Then the notice proceeds thus: "Also, that at the place aforesaid, we did, on the 22d day of June, A. D. 1877, purchase the following real estate, and that the time for redeeming said real estate will expire on the 22d day of June, A. D. 1879, to-wit:

| | |
|---|---|
| Description | 10 acres |
| Subdivision of sections W. side, N. ½, S. E. N. W. | 10 acres |
| Section | 8 |
| Town | 20 |
| Range | 10 |
| To whom assessed | James Mix. |

"E. F. Earl, and E. F. Earl, assignee of John P. Day; H. McCulloch, L. Dunlap, R. Pollock, J. S. Fredrick, Chas. Bogardus and E. F. Asay."

It is quite apparent that the year for which the property thus described is taxed, is not stated. There is no reference, directly or indirectly, after the word "also," to the word 1876, and the statements with reference to the different tracts of land are as distinct as if they were in different affidavits. The statute provides (sec. 216, Revenue act, Rev. Stat. 1874,) that it shall be stated in this notice when the land or lot was purchased, in whose name taxed, the description of the land or lot, for what year taxed or specially assessed, and when the time of redemption will expire. This notice is to be given by the purchaser, or the assignee of the purchaser, but it is not required that it shall describe who was purchaser; and what the statute requires, but no more, it is essential that the notice shall contain. This notice, it will thus be seen, is defective and insufficient, in omitting to state for what year this land was taxed. It omits also to state to whom it was taxed, but it states that it was assessed to James Mix, which, in that connection, we deem equivalent in meaning.

*Sixth*—Numerous objections are urged against the sufficiency of the affidavit of compliance with the statute. That these objections may be clearly understood, it will be necessary to repeat the constitutional and statutory provisions under which they are urged.

It is provided by section 5, article 9, of our State constitution, that "the right of redemption from all sales of real estate for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. And the General Assembly shall provide, by law, for notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire: *Provided*, that occupants shall, in all cases, be served with personal notice before the time of redemption expires." And

it is also provided by section 216, of chapter 120, (Rev. Stat. 1874,) that "hereafter no purchaser, or assignee of such purchaser, of any land, town or city lot, at any sale of lands or lots for taxes or special assessments, due either to the State or county, or incorporated town or city within the same, or at any sale for taxes or levies authorized by the laws of this State, shall be entitled to a deed for lands or lots so purchased, until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written or partly printed, notice of such purchase, on every person in actual possession or occupancy of such land or lot; also the person in whose name the same was taxed or specially assessed, if, upon diligent inquiry, he or she can be found in the county, * * * at least three months before the expiration of the time of redemption on such sale, in which notice he shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased, for what year taxed or specially assessed, and when the time of redemption will expire. If no person is in actual possession or occupancy of such land or lot, and the person in whose name the same was taxed or specially assessed, upon diligent inquiry can not be found in the county, * * * then such person, or his assignee, shall publish such notice in some newspaper printed in such county, * * * which notice shall be inserted three times,—the first time not more than five months, and the last time not less than three months before the time of redemption shall expire." Then the next section (217) reads as follows: "Every such purchaser or assignee, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of the foregoing section, stating particularly the facts relied on as such compliance,—which affidavit shall be delivered to the person authorized by law to execute

30—121 ILL.

such tax deed, * * * and which * * * affidavit shall be *prima facie* evidence that such notice has been given."

*First*—It is objected that the description in this affidavit is too defective to warrant a deed. This objection has been shown, under a point before considered, untenable.

*Second*—It is contended that the statute makes a distinction between actual possession and occupancy, and that though no one may have been in the actual possession of the land, it was in the occupancy of James Mix, upon whom there should have been service of notice. This is not tenable. The words "possession" and "occupancy," as used in the 216th section, are clearly convertible, and the word "actual" qualifies each. This would seem sufficiently manifest from the reading of the section. It is assumed thereby, that there can be personal service upon the person in possession or occupancy, but if a person may be in possession or occupancy, and yet be beyond the limits of the State, or where he can not be found, this is impossible. The actual possessor or actual occupant can be personally served, but a person having merely a constructive possession or a constructive occupancy, may be where it is impossible to make personal service upon him.

*Third*—It is contended, that if any person was in the actual occupancy or possession at any time before the expiration of the time of redemption, such person is entitled to notice,— that this is the guaranty of the constitution, and the General Assembly can not dispense with it. It will be seen, by reference to the article quoted from the constitution, that the guaranty is, that the right of redemption shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof, and that the General Assembly shall provide, by law, for notice to be given to the owners or parties interested, of the fact of the sale of the property, and when the time of redemption shall expire. Clearly, this means that the notice shall be given before the time of redemption shall expire, for the plain and

manifest purpose is to prevent the right of redemption being cut off without knowledge of the sale and opportunity to redeem to the owner or party interested. Notice, to be of any value, must necessarily be long enough before the expiration of the time of redemption to enable the party to make redemption, and it is evident that, in many cases, the interests of the party would require the lapse of some days, that he might make the requisite arrangement to procure the money wherewith to redeem. The General Assembly not being restricted by the constitution as to the time when it should require the notice to be given, might, therefore, reasonably provide, as it has, that it should be given three months before the expiration of the time of redemption. Purchasers, and persons otherwise acquiring rights in the property after the giving of such notice, would simply occupy the position of purchasers *pendente lite,* and be governed by principles applicable to such purchasers. Moreover, a person, to avail of this constitutional provision, must affirmatively bring himself within its letter, for a violation of it can not be presumed. He must affirmatively show that he is an occupant, within its meaning, which was not done here.

*Fourth*—But an objection is urged that this affidavit is not shown to have been made by the purchaser or his assignee, by himself or agent, and it fails to state, as a fact, that no one was in the actual possession or occupancy of the land. These objections we deem well taken. It has been seen, section 216 requires that the notice shall be served upon the person "in the actual possession or occupancy," but if no person is "in the actual possession or occupancy," notice is to be published. Plainly, these are facts, and not matters of opinion, and a party either knows what the fact is, or he has no actual knowledge. If he knows what the fact is, he must state it. If he has no actual knowledge, he is incompetent to make a statement. The affidavit must be made, also, "by every such purchaser or assignee, by himself or agent."

(See sec. 217.)  This affidavit starts out thus:  "J. S. Fredrick, being duly sworn," etc.  There is no language anywhere indicating what interest he has in the matter.  He signs his name, and, it is true, adds thereafter the word "agent," but of whom, we are left to conjecture.  Its language on the subject of the possession or occupancy of the land is this: "That no person was in actual possession or occupancy of said piece or parcel of land for any period of the time from the date of said sale down to a date not more than three months before the 21st day June, 1879, within the knowledge or belief of this deponent."  But did the deponent have knowledge upon which to base rational belief?  We are not informed.  Might not any stranger, without knowledge at all, have made the same affidavit?  It would seem so.

It is said this precise affidavit was before us, and approved in *Frew* v. *Taylor*, 106 Ill. 159.  If so, our attention was not arrested by this feature of it, as is manifest from the opinion, and nothing therein said precludes us from now considering it.

Some other objections are urged which we do not deem tenable, nor of sufficient importance to merit discussion.

In conclusion, we have been requested to pass upon the question whether a title obtained after ejectment commenced, is admissible in evidence on behalf of the defendant.  It is enough to say, no such question arises upon this record.  No error assigned by appellant raises it, and no cross-error is assigned upon behalf of appellee.  Any opinion we might express upon it, therefore, would be gratuitous, and not conclusive upon the parties or the court.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*