No. 14,236.

## BALL *v.* BARNES, AUDITOR.

TAX SALE.—*Insufficient Description.*—*Lien.*—*Repayment of Purchase-Money.*
—*Mandate.*—At a tax sale land was sold by the following description:
115x138 feet, corner of Columbia and Sixth streets, section 20, town. 23,
range 4 west, city of Lafayette.

*Held,* that the description, while not sufficient to pass title, is sufficient
to carry the lien, and that the purchaser can not compel by mandate
the repayment of the money paid at the tax sale.

From the Tippecanoe Circuit Court.

*R. Jones,* for appellant.

*J. B. Sherwood, J. H. Adams* and *S. P. Baird,* for appellee.

COFFEY, J.—This was a petition filed in the Tippecanoe
Circuit Court by the appellant against the appellee, as auditor
of the county, to compel the appellee, as such auditor, to
draw his warrant against the county treasury for the repayment of money paid at a tax sale.

The petition alleges, substantially, that, on the 22d day
of October, 1879, the auditor of Tippecanoe county made
and delivered to Josiah Locke a tax certificate, with the
county treasurer's certificate thereto attached, to the effect
that at a public sale held by the treasurer of said county,
commencing on the 10th day of February, 1879, after proper
and legal notice, he offered for sale the following parcel of land
in said county, to wit: 115x138 feet, corner of Columbia
and Sixth streets, section 20, town. 23, range 4 west, city of
Lafayette; that the same failed to sell for want of bidders,
and was thereby forfeited to the State of Indiana; that
Josiah Locke, on the 20th day of October, 1879, made application to the auditor of said county to purchase said land
at private sale, and that said auditor did sell said land to
him for the sum of $967.89, the same being the amount for
which said land was offered at public sale, with the legal

interest thereon, the said sum being the amount of taxes, penalties, interest and costs thereon due on the above described property for the year 1877 and previous years, and 1878, said lands being assessed and duly entered for taxation in the name of John S. Williams; that said Locke paid the sum above named, and filed the treasurer's receipt therefor with the auditor of said county; that the treasurer of said county attached his guaranty to said certificate of purchase, to the effect that the taxes due upon the property therein mentioned had never been paid, and that they were due and unpaid at the date of said sale; that, on the 15th day of December, 1880, said Locke paid to the said treasurer as taxes on said property the sum of $109.66, which said treasurer endorsed on said certificate of purchase; that, on the 18th day of February, 1881, said Locke sold, assigned and delivered said certificate to the appellant, which assignment was duly acknowledged, and was duly recorded in the auditor's office on the — day of May, 1882; that said sale and certificate are invalid, because there is in said certificate and in the assessment and subsequent proceedings on which it is based no description of any real estate, all said attempted descriptions being such as are contained in said certificate, and said intersection of Columbia and Sixth streets is in section 20, but not near any corner of said section, or any line bounding said section; that, on the 31st day of May, 1882, appellant presented said certificate to said auditor, together with said assignment, and called his attention to the same, and especially to the description therein contained, and to the description in the assessment and subsequent proceedings on which said certificate is based, and that the sale evidenced by said certificate was invalid, and requested said auditor to issue to appellant an order on the treasurer of said county for the purchase-money named in said certificate, and the amount of said taxes so paid since the date thereof, and the interest on both, upon the appellant surrendering said certificate and receipt for taxes; that said auditor refused to

draw such order, and refused to recognize any right in appellant except to receive a deed for said land on said certificate; that appellant, as he is advised, has no adequate remedy by legal proceedings, but only by the extraordinary remedy of mandamus to compel said auditor to issue said order.

The court sustained a demurrer to this petition, and appellant excepted.

The appellant refusing to plead further, the court rendered judgment against him for costs.

It will be observed that there is no allegation in this petition that John S. Williams did not own a tract of land of the dimensions given, at the corner of Columbia and Sixth streets, in the city of Lafayette, nor is there any allegation that the same was not subject to taxation, nor that there was not due from such tract the amount of taxes for which it was sold. The complaint proceeds wholly upon the theory that the description given is not sufficient to carry with it the State's lien for taxes.

The cases of *State, ex rel.,* v. *Casteel,* 110 Ind. 174, and *Millikan* v. *City of Lafayette,* 118 Ind. 323, and authorities there cited, are conclusive upon the question now before us. In the case first cited, it was said that "It has often been held that an insufficient description of the land will defeat the title, but will not defeat the lien. The lien will hold if the purchaser can show what property was intended to be taxed, but the title will not pass if the description is defective." *Ludlow* v. *Ludlow,* 109 Ind. 199; *Cooper* v. *Jackson,* 99 Ind. 566; *Reed* v. *Earhart,* 88 Ind. 159; *Ford* v. *Kolb,* 84 Ind. 198; *Sloan* v. *Sewell,* 81 Ind. 180; *Cooper* v. *Jackson,* 71 Ind. 244; *Worley* v. *Town of Cicero,* 110 Ind. 208.

In the case of *Millikan* v. *City of Lafayette, supra,* the description was less certain than the one now under consideration, and it was said in that case: "It is not every imperfect description that gives this right (to recover back the purchase-money), but only one such as we have indicated. The

description may be uncertain and indefinite, and so much so as to render the sale ineffectual to convey title, but be sufficiently definite and certain to carry a lien. * * Such, we think, was the description in the case under consideration."

If John S. Williams owned a tract of land at the corner of Columbia and Sixth streets, in the city of Lafayette, of the dimensions described in the petition, we know of no reason why it may not be identified, and the lien for taxes transferred by the State to Locke enforced against it. At least no reason is suggested in the petition before us why this may not be done.

We do not think the court erred in sustaining a demurrer to the petition.

Judgment affirmed.

Filed April 24, 1890.