The Travellers' Insurance Company v. Martin.

No. 15,667.

THE TRAVELLERS' INSURANCE COMPANY v. MARTIN.

131  155
157  533

PRACTICE.—*Sufficiency of Pleading.—Review on Appeal.*—Where a demurrer to a paragraph of a complaint is overruled, but plaintiff amends it before judgment, the defendant can not question the sufficiency of the original paragraph on appeal.

TAXES.—*Quieting Title.—Tax Deed.—Description.*—In an action to quiet title by the holder of a tax deed, the provision of the act of 1881 (Elliott's Supp., section 2143), that if the plaintiff's title is invalid, the amount due shall be ascertained and the lien declared and foreclosed, applies as well to a defect in the description, as to any other defect in the steps necessary to pass a valid title, and proof of the misdescription may be made without special allegation of the misdescription.

SAME.—*Imperfect Description of Land.—Lien for Taxes not Defeated Thereby.* —While an imperfect description of the land in a tax deed will defeat the title, yet it will not defeat the lien, if the purchaser can show what property was intended to be taxed.

SAME.—*Interest.*—Where the State's lien for taxes has been transferred to the purchaser, and a deed has been issued, interest is computed at twenty per cent. per annum.   Elliott's Supp., section 2143.

From the Cass Circuit Court.

*J. C. Nelson* and *Q. A. Myers,* for appellant.

*M. Winfield, D. D. Dykeman, W. T. Wilson* and *G. C. Tabor,* for appellee.

OLDS, J.—The appellee, in this case, filed her complaint in two paragraphs, against the appellant.   The first paragraph was to quiet title, and the second to recover possession of the real estate.

The appellant demurred to the second paragraph of the complaint, which demurrer was overruled, and exceptions were reserved.   After the ruling on the demurrer and before judgment, the court permitted the appellee to amend her complaint.   Counsel for appellant discuss, with much earnestness, the sufficiency of the second paragraph of the complaint, as it was at the time of the ruling on the demurrer, and before it was amended.   There is no question before this

court upon this ruling. The complaint being afterwards amended, the amended paragraph supplanted, and took the place of the original paragraph. The court had the right to allow the amendment. *State, ex rel.,* v. *Hay,* 88 Ind. 274; *Kennedy* v. *Anderson,* 78 Ind. 151; section 396, R. S. 1881; *Burns* v. *Fox,* 113 Ind. 205; *Beaver* v. *North,* 107 Ind. 544; *Town of Martinsville* v. *Shirley,* 84 Ind. 546.

The appellee was a purchaser at tax sale, and had taken out a deed in pursuance of her purchase, and there was a recovery by the appellee for the amount due her, and a lien declared upon the land, and a decree of foreclosure entered.

The land in controversy was owned by one·Williamson Dunn, at the time of the assessment for taxation, and was sold as his land.

The complaint describes, by a valid description, the land owned by Dunn at the time of the assessment, and makes no averment as to the description by which it was assessed and entered upon the tax duplicate, or tax certificate, or deed.

It is earnestly contended that under no rule of law without proper averments in the complaint, could it be shown that the lands assessed as the lands of Dunn, and sold by a different and imperfect description, were the same lands described in the complaint. In other words, that the appellee could not recover the taxes paid with penalty, and have a lien declared and foreclosed, unless the description in the tax deed and of record corresponded with the description in the complaint, and the sale declared invalid on account of some other defect; that if the description of record upon which the sale was based, and in the deed, was imperfect and different from that set out in the complaint, there must be allegations to that effect in the complaint to admit the proof. It must be remembered that the statute, section 2143, Elliott's Supplement, providing that in actions to quiet title in such cases, "if, upon the hearing of such cause, it shall appear that the complainant's title was or is invalid for any cause, such suit shall not be dismissed by the court, but the

court, in cases where the tax was due and unpaid, shall ascertain the full amount of taxes and lien which the State had in such land," etc., and order the same sold therefor, is an innovation on the rules of pleading and practice. The proviso that the proceedings in such cases shall be conducted in the same manner, as near as may be practicable, in conformity with the practice in cases of foreclosure of mortgages, does not require any amendment to the complaint, but relates to the conducting of the proceedings, to the evidence and decree. There is no provision of the statute requiring any amendment to be made to the complaint to quiet title in such a case, or that it shall contain other or different averments from those necessary in the ordinary complaint to quiet title, and the statute expressly provides that if the complainant's title was or is invalid for any cause, the amount due shall be ascertained and the lien foreclosed. This applies as well to a defect in the description, as to any other defect in the steps necessary to pass a valid title. It was proper to make the proof under the allegations of the complaint. *Jones* v. *Foley*, 121 Ind. 180.

It is next urged and ably supported by the argument of counsel for the appellant, that the sale is void and ineffectual to transfer the lien of the State to the purchaser, for the reason, that the description is so imperfect as that it does not describe the land with reasonable certainty, and that appellee's money must be refunded out of the county treasury, and this presents the principal and important question in the case.

The policy of the tax law is to secure revenues to carry on the affairs of government, and that all property shall bear its proportion of the burden of taxation; and this policy and object of the law will not be defeated by a failure of the proper officers to enter a perfect description of the property of record, and carry such description through all the proceedings, in case of a sale of the same for taxes. The State has a like lien on all real estate for its proportion of

taxes. A defective description will be ineffective to convey title, but not to transfer the lien of the State to the purchaser.

The question of the sufficiency of a description of land to transfer the lien has repeatedly been before this court, and it may now be said to be the settled law of this State, as stated in *State, ex rel.,* v. *Casteel,* 110 Ind. 174 (186), that " an insufficient description of the land will defeat the title, but will not defeat the lien. The lien will hold if the purchaser can show what property was intended to be taxed, but the title will not pass if the description is defective." See authorities collected and cited in *State, ex rel.,* v. *Casteel, supra.* This same rule has been adhered to and stated as the law in subsequent decisions of this court. *Morrison* v. *Jacoby,* 114 Ind. 84; *Millikan* v. *City of Lafayette,* 118 Ind. 323; *Ball* v. *Barnes,* 123 Ind. 394; *City of Logansport* v. *Case,* 124 Ind. 254.

The sections of the statute relating to and governing the question presented in this case are so fully set out, discussed and construed in the decisions which we have cited, that no good purpose can be subserved by again setting them out, and adding additional views in support of the construction placed upon them. We regard the decisions as harmonious and have no disposition to depart from the construction placed upon the statute in such decisions, and we are only called upon in this case to apply the principles laid down in the decisions cited.

It was the intention of the law in relation to the assessment and collection of taxes, that there should be an incentive on the part of property-owners to pay their taxes, and upon a failure so to do, that a penalty should attach which they would be compelled to pay, and there has been a growing tendency to fix with more certainty the lien upon the property, and to remove all technicalities by which the property-owner might defeat a recovery for the taxes and penalties assessable against his property as its proportion of

the revenue necessary to carry on the affairs of the government. With this view the statute was enacted providing, that, if the purchaser failed, for any cause, in his right to recover in an action to quiet his title, he should in the same action, without liability for costs or amendment of pleadings, or an adjustment of the issues, recover a judgment for the amount of the taxes paid by him, together with penalties, and have a lien declared and foreclosed. Every landowner knows that he is liable for taxes upon his land, and that it should be assessed and entered upon the books of the auditor and treasurer of the county It is his duty to look after the assessment of his property and see if the assessment is regular, and his land properly entered upon the books and pay the lawful taxes when due, instead of seeking some method by which he can, by reason of a technically defective description, avoid the payment of his just portion of the expense of a government in which he is equally interested with others. The rule established and fixed by the many decisions of this court that the lien will hold if the purchaser can show what property was intended to be taxed is but a salutary and just one.

In this case there are two tax deeds, in one a tract of land is described as " the south part of the north part of lot five (5), in Burrow's Reserve, in township twenty-seven (27), north of range one (1) east, containing forty (40) acres more or less." In the other the description is: " Part of lot number six (6), Burrow's Reserve, township twenty-seven (27), north of range number one (1) east, containing eighty (80) acres more or less." In the certificates the description is abbreviated, giving the number of acres definitely as 40 and 80, and as sold in the name of Williamson Dunn. The tracts appear upon the duplicate in the name of Williamson Dunn, described in the same manner, giving a definite number of acres, one tract of 40 and the other 80 acres. It then appears of record that Williamson Dunn is charged upon the tax duplicate with and he is assessed for the taxes

on 40 acres, being part of lot 5, and with 80 acres, a part of lot 6. If he, in fact, owned the 40 and 80 acre tracts, a part of these lots 5 and 6, in township 27, range 1, it is just and right that he should pay the taxes upon them, and if he neglected to do so, and they were sold and it can be shown by the purchaser what land was intended to be taxed, and the purchaser furnishes a definite description, there is no just reason why the land should not be liable for the taxes and subject to the lien the same as if it had been properly described in all of the proceedings and upon all the books. Dunn, in fact, owned the land, it was liable for taxes, it was, in fact, assessed. Dunn neglected to pay the tax, the land was sold and purchased by the appellee and was not redeemed; a deed issued but it was entered upon the books by an imperfect description, and this imperfect description was carried through all of the proceedings. There is no reason why the lien should not attach and a definite description be furnished and the lien be foreclosed the same as if it had been definitely described. This is true notwithstanding there may have been a mistake in the number of the lot in which the 40 or 80 acre tract was situated as contended. It is simply an error in the description. Where a man owns 80 acres of land in a township, and it is assessed and his name and the number of acres and the number of the township and range are correctly entered upon the books in the proper office, but otherwise the description is indefinite, there can be no difficulty ordinarily in showing what land was intended to be taxed. If this fact can be shown, it is well-settled by the decisions of this court that the lien attaches and is transferred by the tax sale to the purchaser. Many of the descriptions in the decisions we have cited are as indefinite as those in the case at bar.

A question is made in regard to the amount of recovery. The statute is decisive of this question. Where a lien is transferred to the purchaser and a deed has issued, as in this case, interest is computed at twenty per cent. per annum.

This is the plain wording of the statute. See Elliott's Supp., section 2143; *Culbertson* v. *Munson,* 104 Ind. 451.

Counsel contend that the judgment for appellees was rendered on the second paragraph of the complaint, and that the appellant's motion for judgment in its favor upon the first paragraph ought to have been sustained. We can not assent to this proposition.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 8, 1892.