Filed December 22, 1892.

---

No. 16,082.

## COLLINS v. DRESSLAR.

CONVEYANCE.—*Real Estate*—*Description.*—*Certainty of.*—*When Sufficient.*— Where a certain tract of land in litigation was described as twenty-nine (29) acres off the south end of sixty (60) acres off the north end of the west half of the northwest quarter of a certain section in a certain township and range, the land was described with sufficient certainty; it being a rule of description that that is sufficiently certain which furnishes the means of identifying the land.

REAL ESTATE.—*Description.*—*Lines.*—*Presumption as to.*—In identifying a tract of land, where the contrary is not expressed, it will be presumed that lines are to be run straight and parallel with other lines.

From the Marion Circuit Court.

*S. P. Oyler, W. A. Johnson, F. W. Winter* and *J. B. Elam,* for appellant.

*W. J. Buckingham* and *E. F. White,* for appellee.

OLDS, J.—The appellee brought this action against the

appellant to recover the possession of certain real estate in Johnson county. The action was commenced in the Johnson Circuit Court, and the venue changed to the Marion Circuit Court.

The complaint is in two paragraphs, numbered 1 and 3. The first paragraph alleges that the appellee is the owner of a certain tract of land containing twenty-nine acres, and that appellant is in possession of two distinct parcels of said land, specifically describing the two parcels by metes and bounds, and alleging that appellee is entitled to possession of the same, and that appellant unlawfully keeps the appellee out of the possession of the same, and has so kept possession since 1888, and asking for possession and for damages. The other paragraph is substantially the same as the first, except it alleges the source of the appellee's title, that the appellee derived his title through a sheriff's sale on a decree of foreclosure of a mortgage.

The appellant answered by a general denial, and filed a cross-complaint admitting the appellee to be the owner of all the lands described in his complaint, except a certain portion, describing it as containing 2 $\frac{15}{100}$ acres, which the appellant is the sole owner of, and which is claimed by appellee in his complaint, which claim is wholly without right, and asking to have the title quieted. Appellee answered the cross-complaint by denial. The cause being at issue, it was submitted to the court for trial, and, on request, the court found the facts and stated conclusions of law, to which conclusions of law the appellant at the trial excepted, and the court rendered judgment in favor of appellee, to which appellant excepted. Errors are assigned that the court erred in its first conclusion of law, and in its second conclusion of law in rendering judgment against appellant, that he take nothing by his cross-complaint, and that the complaint does not state facts sufficient to constitute a cause of action.

Counsel for appellant in their brief say: "The first, second and fourth assignments of error present the same question, namely: whether the description of the real estate contained in the mortgage, which is the source of appellee's title, is not so defective as to invalidate the mortgage itself; the decree of foreclosure rendered upon it; the sheriff's sale, and the deed made thereunder. In the special finding of facts, it is shown that the plaintiff derived title in the manner stated in the third paragraph of the complaint, and the real estate is described as in each paragraph of the complaint." We concur with this statement of counsel that the question presented by these three assignments of error relates to the sufficiency of the description, which description is as follows: The following described real estate, situate in the county of Johnson and State of Indiana, to wit: a part of the west half of the northwest quarter of section fifteen (15), township thirteen (13) north, range three (3) east, described as follows, to wit: twenty-nine (29) acres off the south end of sixty (60) acres off the north end of the west half of the northwest quarter of said section fifteen (15). The title to the twenty-nine acres was derived through the sale on foreclosure, and the specific tracts, properly described by metes and bounds, which appellant is alleged to be in possession of, is described as being a part of and is a part of the twenty-nine acres. That the description of the twenty-nine acres is valid seems too clear for reasonable discussion. Some rules governing in the description of lands have become so well settled and generally admitted as to be regarded as legal maxims. It is a settled rule that that is sufficiently certain which can be made certain. A description of real estate is sufficient when the sheriff, with the assistance of a surveyor, can find the real estate and determine its boundaries. *Guy* v. *Barnes,* 29 Ind. 103; *Reid* v. *Mitchell,* 95 Ind. 397; *Brown* v. *Anderson,* 90 Ind. 93.

The purpose of a description is very clearly expressed

in *Rucker* v. *Steelman*, 73 Ind. 396, and in *Burrow* v. *Terre Haute, etc., R. R. Co.*, 107 Ind. 432, where it is said: "It is not the office of a description to identify the land conveyed, but to furnish means of identification." The description in this case describes twenty-nine acres off the south end of a certain sixty acres off the north end of a certain eighty-acre tract. The description furnishes the means of identifying these two tracts. It certainly will not be contended that the west half of the northwest quarter of section fifteen is not a good description, or that a surveyor can not by such description run the boundary lines of the eighty acres, or one-half of the quarter section. That being done, there is but one additional line to run, and that must be run across the tract parallel with and far enough from the north line of the tract to contain sixty acres. This is as plainly expressed as is the division line of the quarter section, or as if it had been expressed in words that it should be parallel with and far enough from the north line to contain the sixty acres. Where the contrary is not expressed, it will be presumed that lines are to be run straight and parallel with other lines. When the boundary lines of the sixty acres are once fixed, it only requires the running of one additional line to fix the boundaries of the twenty-nine acres, which by the description is fixed at a distance far enough from the south line of the sixty acres to contain the twenty-nine acres. The description is clearly sufficient.

It is next urged that the first and second assignments of error should be sustained for the reason that it is not alleged in either paragraph of the complaint that appellant was retaining possession of all of the twenty-nine acres, but describes, by metes and bounds, the portion occupied by appellant, and that the finding of facts does not show that the parcels described and occupied by appellant are a part of the twenty-nine acres which the appellee became the owner of through the sale on foreclosure. There

is nothing in this objection. The findings of fact correspond with the averments of the complaint.

It is next urged that the court erred in the rendition of the judgment; that appellant take nothing by his cross-complaint; that the finding of facts shows that the tract described in the cross-complaint is no part of the land described in the complaint and alleged to be in possession of the appellant; but there is no conclusion of law stated by the court on this finding. The court rendered a proper judgment. The issues joined related to the lands described in the complaint alleged to be unlawfully occupied by the appellant. The cross-complaint alleged that the appellant was the owner, in fee simple, of a part of the same land, and the court finds that it is not a part of the same land. There are no facts found entitling the appellant to judgment upon his cross-complaint. It is not even found as a fact that the appellant owned any land whatever, or that appellee occupied any land to which appellant was entitled to possession of. The court rendered a proper judgment on the facts found. *Chicago, etc., R. W. Co.* v. *Barnes,* 116 Ind. 126; *Citizens Bank* v. *Bolen,* 121 Ind. 301; *Hamilton* v. *Byram,* 122 Ind. 283.

There is no error in the record. Judgment affirmed, with costs.

Filed December 22, 1892.