State, *ex rel.* Haywood, Prosecuting Attorney, *v.* Earl.

Filed January 6, 1893.

No. 15,714.

STATE, EX REL. HAYWOOD, PROSECUTING ATTORNEY, *v.* EARL.

APPEAL.—*Complaint.*—*Question Arising on.*—*Failure to Incorporate Complaint in the Record.*—*Effect.*—In order to present any question arising on the pleadings, it is necessary that the pleadings upon which the cause was determined should be incorporated into the record.

From the Tippecanoe Circuit Court.

*A. G. Smith,* Attorney-General, *G. P. Haywood,* and *R. P. Davidson,* for appellant.

*T. A. Stuart* and *J. R. Coffroth,* for appellee.

OLDS, J.—This was an action to recover a penalty, under section 6339, R. S. 1881. Appellant filed interrogatories with his complaint, which, on motion of the appellee, were struck out.

Appellee filed a demurrer to the complaint, which was overruled and exceptions reserved, and the appellee then filed a motion to make the complaint more specific, which motion was sustained in part and overruled in part, and

State, *ex rel.* Haywood, Prosecuting Attorney, *v.* Earl.

the record shows that the appellant amended his complaint, in accordance with the ruling and order of court, but the amended complaint is not in the record. The record shows that a demurrer was filed to the amended complaint, and was overruled.

Afterwards the appellee filed an answer in one paragraph to the complaint. The answer was a denial of the principal allegations of the complaint, and in confession and avoidance of the other allegations, to which a demurrer was overruled, and the appellant excepted to the ruling, and failing to plead further, the court rendered judgment on the demurrer in favor of the appellee.

The Attorney-General files a brief on behalf of the appellant, in which he concedes, and we think correctly so, that the question sought to be raised is not presented by the record, and that the answer is sufficient to withstand a demurrer, even if the record presented the question.

To present any question arising on the pleading, it is necessary that the complaint, upon which the cause was determined, should be in the record. The amended complaint took the place of the original complaint, and should have been set out in the record. Elliott's Appellate Procedure, sections 198 and 595; *McCardle* v. *McGinley*, 86 Ind. 538; *Seager* v. *Aughe*, 97 Ind. 285; *Sumner* v. *Goings*, 74 Ind. 293; *Heizer* v. *Kelly*, 73 Ind. 582; *Burkam* v. *McElfresh*, 88 Ind. 223; *Chisham* v. *Way*, 73 Ind. 362; *Collins* v. *U. S. Express Co.*, 27 Ind. 11; *Berghoff* v. *McDonald*, 87 Ind. 549; *State, ex rel.*, v. *Hay*, 88 Ind 274; *Conley* v. *Dibber*, 91 Ind. 413; *Kennedy* v. *Anderson*, 98 Ind. 151.

Judgment affirmed.

Filed January 11, 1893.