Barnes *v.* Pelham *et al.*

---

Barnes *v.* Pelham et al.

[No. 2,139.   Filed September 17, 1897.]

Appeal.—*Transcript.*—*Duty of Clerk.*—Where no special directions are given in writing by appellant it is the duty of the clerk of the court to make out a complete transcript of the cause. *p. 168.*

Pleading.—*Amendment.*—*Record.*—The filing of an amended pleading takes from the record the original pleading. *p. 168*

Appeal.—*Amended Complaint.*—*Record.*—Where the amended com-

Barnes *v.* Pelham *et al.*

plaint upon which a cause was tried is omitted from the record, no question as to the sufficiency of such complaint, nor as to instructions, can be considered on appeal. *p. 168.*

From the Delaware Circuit Court. *Affirmed.*

. *J. J. M. LaFollette, O. H. Adair, O. N. Cranor* and *J. H. Gokie,* for appellant.

*R. H. Hartford* and *D. T. Taylor,* for appellees.

ROBINSON, J.—Appellees recovered judgment for the value of certain gas and oil leases, which they claimed to have sold appellant. The sufficiency of the complaint and the overruling of the motion for a new trial are questioned by the errors assigned.

In the record there is a bill of exceptions which contains the evidence, and a second bill containing the instructions given and those requested by appellant, and refused.

The record begins with the usual entry, after which is the following: "Be it remembered that heretofore, to-wit: on the 5th day of July, 1895, the following papers on change of venue were filed in the clerk's office of the Delaware Circuit Court by the clerk of the said Jay Circuit Court as follows, to-wit:" This is followed by copies of various pleadings, with no order book entries to show what disposition was made of any of them. This is followed by what is called a transcript, in which certain order book entries are set out, reciting the filing of certain pleadings, which are not copied into the transcript, but are referred to by "here insert." There is nothing to indicate where the pleading which is to be inserted is to be found, nor that the pleading has been set out anywhere in the record. Following this transcript is a certificate of the clerk of the Jay Circuit Court, in which he certifies "that the foregoing is a full, true, and complete copy of all the order book entries in said cause."

It further appears from this transcript that a motion to make the complaint more specific was sustained, and the transcript contains the following entry: "Come the parties by counsel, and comes the plaintiff by counsel and file their amended complaint as follows, to-wit: (H. I.) and the defendant is ruled to answer plaintiff's amended complaint." Appellant's brief contains the following satement: "The appellees, Robert Pelham and Louis J. Craig, were the alleged owners of certain gas and oil leases, which they claim to have sold to the appellant, George W. Barnes. They filed a complaint in the Jay Circuit Court, which after certain motions and demurrers resulted in the filing of an amended complaint, upon which the case was finally tried in the Delaware Circuit Court."

We fail to find an amended complaint in the list of pleadings copied.

As it does not appear that any precipe for a transcript was filed, it was the duty of the clerk to make out a complete transcript of the cause. *Reid* v. *Houston,* 49 Ind. 181.

In Buskirk's Practice, p. 83, the author says: "There is one general rule that should be rigidly and invariably adhered to in making up a transcript, and that is, to arrange the proceedings in the order in which they occurred in the court below. The transcript ought to be an accurate and methodical history of the cause, as it progressed, step by step, in the lower court."

It is well settled in this State that the filing of an amended pleading takes from the record the original pleading. *State, ex rel.,* v. *Hay,* 88 Ind. 274; *Travellers' Insurance Co.* v. *Martin,* 131 Ind. 155. As the case was tried on the amended complaint, in order that any question may be presented on the pleadings or on the instructions, it is necessary that the amended pleading should be in the record. *State, ex rel.,* v. *Earl,* 133

Ind. 389; *Seager* v. *Aughe,* 97 Ind. 285; *Heizer* v. *Kelly,* 73 Ind. 582.

In *McCardle* v. *McGinley,* 86 Ind. 538, 44 Am. Rep. 343, the court said: "It was the duty of the appellant to bring up to this court a record fairly and fully presenting the questions upon which the court is asked to pass. It is obvious, that, in the absence of the answer of the appellant to the complaint, this court can not determine what the issues in the case were. Nor can we determine that the interrogatories answered by the jury were pertinent and relevant to the issues; nor whether the evidence was sufficient to sustain the verdict; * * * nor can we determine the relevancy or irrelevancy of the charges given and refused." [1]

Judgment affirmed.