## BURKAM ET AL. *v.* KUNZ.

[No. 6,267. Filed May 14, 1908.]

TAXATION.—*Tax Deeds.—Descriptions.—Liens.—Evidence.*—A purchaser at a tax sale does not lose his right to a lien on the lands purchased, though the evidence shows that the description in the tax deed and in the alleged owner's deed is imperfect, where it is conceded that the alleged owner really owns land in the vicinity, which is subject to taxation, and on which the taxes have not been paid.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Suit by George Kunz against Joseph K. Burkam and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Givan & Givan,* for appellants.

*Warren N. Hauck, Roberts & Cravens* and *Louis B. Ewbank,* for appellee.

COMSTOCK, J.—The complaint is in two paragraphs. The first alleges that plaintiff is the owner in fee simple of the real estate described therein, that the defendants are asserting some claim adverse to the plaintiff's title to said real estate, and asking that said title be quieted. The second prays that, should plaintiff's title by tax deed prove invalid, the court decree foreclosure of plaintiff's tax lien, and, in default of payment, the real estate described therein be sold and the proceeds be subjected to the payment of said tax deed. Defendants' demurrer to the complaint was overruled, and the cause put at issue by general denial. Upon the trial the court found plaintiff's tax deed to be ineffectual

to convey title, but found that the lien for taxes, penalties and charges, amounting to $1,149.61, paid by plaintiff to the city treasurer, had been transferred and vested in plaintiff, and that he was entitled to recover the same, with subsequent taxes and accruing interest, from Joseph K. Burkam, and, in default thereof, certain described land, alleged in the complaint and stated in the findings, to be the lands owned by Joseph K. Burkam, in the city of Lawrenceburg, should be sold to satisfy said lien.

The assignment of errors challenges the action of the court in overruling defendants' motion for a new trial. The sufficiency of the evidence only is discussed in defendants' brief.

The complaint, in substance, alleges that plaintiff purchased at a tax sale certain city lots and part of the northwest quarter of section fourteen and part of the northeast quarter of section fifteen, township five, range one, within the city of Lawrenceburg, bounded by certain lines and containing forty-three acres; that the taxes were duly levied and assessed against said lots as the property of Joseph K. Burkam, who "was the owner in fee simple;" that said taxes remained unpaid and became delinquent, and, after due notice, the city treasurer sold said lots to plaintiff for $1,149.11, the amount of the taxes, interest and penalty; that plaintiff paid the money, and in due time obtained a tax deed. This deed is made a part of the complaint and recites the same facts as before stated, except that the property is described as the city lots mentioned in the deeds, and also "thirty acres of land in corporation S. E. ¼ section 15 township 5 range 1 32/100 of an acre S. E. ¼ section 15 township 5 range 1 32/100 of an acre all of the above property situate in the city of Lawrenceburg, Dearborn county, Indiana." The description in the deed was unpunctuated. Issue was formed by general denial without any plea of payment.

The tax deed was introduced in evidence. The evidence

showed that Joseph K. Burkam owned a tract of land within the corporate limits of Lawrenceburg, which lay partly within the northwest quarter of section fourteen and partly within the northeast quarter of section fifteen, in township five, range one, properly described by metes and bounds recited in the complaint, and contained forty-three acres. A deed from Joseph H. Burkam to appellant, Joseph K. Burkam was introduced in evidence, conveying a tract of land described by metes and bounds, which embraced the forty-three acres described by the complaint, and other lands lying outside said corporate limits. The tax duplicate shows that the thirty acres was not definitely described therein. The county surveyor testified that he could not "definitely locate the thirty acres of land in the corporation without surveying all of the owner's land in the corporate limits." It is not denied that Joseph K. Burkam owned lots and lands within the corporation; that they were duly assessed for taxes which had been legally levied; that they were unpaid and delinquent, and that appellee purchased them as lands in the corporation belonging to Burkam and paid the taxes thereon. Upon this evidence the court was warranted in rendering judgment foreclosing appellee's tax lien. Apart from the lands described, this case, in all its essential features, is analogous to the case of *Holbrook* v. *Kunz* (1908), *ante,* 260, to which we refer and which is controlling here. To the cases cited in that opinion, we add the following: *Travelers Ins. Co.* v. *Martin* (1892), 131 Ind. 155; *Peckham* v. *Millikan* (1885), 99 Ind. 352; *Ball* v. *Burns* (1890), 123 Ind. 394; *Brown* v. *Reeves & Co.* (1903), 31 Ind. App. 517.

Judgment affirmed.

Roby, C. J., absent.