## DEMONEY *v.* BOARD OF COMMISSIONERS OF WHITLEY COUNTY.

[No. 13,709.  Filed December 4, 1929.  Rehearing denied February 21, 1930.  Transfer denied May 2, 1930.]

*Hartzell & Todd* and *Cline & O'Malley*, for appellant.

McMahan, J.—At the regular tax sale held February 9, 1925, appellant purchased certain real estate in Whitley County, which had been assessed and returned as delinquent, and for which he paid $291.10. The land was described on the tax duplicate and in the notice of sale, as follows:

| | Sec. Twp. R. | Acres |
|---|---|---|
| "Miles Ray Estlick N end E½ SW¼ | 2-32--8 | 30.23 |
| Miles Ray Estlick S end W½ SE¼ | 2-32--8 | 17.10 |
| Miles Ray Estlick N 27aNW¼ NE¼ | 11-32--8 | 27.00 |
| Miles Ray Estlick SE¼NW¼SW¼ | 2-32--8 | 10.00 |
| Miles Ray Estlick 3.20a NW¼ SW¼ | 2-32--8 | 3.20" |

On May 21, 1923, Estlick borrowed $4,500 from the school fund, and, as security therefor, gave the state a mortgage on said real estate. Neither the principal nor any interest on this loan was paid, and, the same being due and delinquent, the land was later advertised for sale by the county auditor, and there being no bidders, it was bid in and purchased by the auditor for the county. It is agreed that all the necessary steps were taken to make this sale legal, and that the sale was legal. The date of this sale is not disclosed by the evidence, but it was sometime after February 9, 1925, and prior to January 1, 1927. Sometime after the real estate was bid in for the county, it was sold by the auditor, pursuant to the provisions of §§6404 and 6405 Burns 1926, §§4393 and 4394 R. S. 1881. The land did not sell for a sum sufficient to pay the mortgage indebtedness. Neither the date of this sale nor the name of the pur-

chaser is disclosed by the evidence. All necessary steps were taken to make this sale legal, so as to convey the fee to the purchaser.

At least two witnesses testified that appellant was informed of the fact that the land was so mortgaged to the state to secure a school-fund loan before he bid the land in, and, before he paid the amount of his bid, the county auditor again told him about the mortgage and informed him as to the legal effect of such mortgage, and asked him if he wanted to complete his purchase, and, after he replied that he did, the auditor received the amount of the bid from him and issued to him a certificate as evidence of such sale, as provided by the statute.

After the two years allowed for redemption from the tax sale had expired and after the foreclosure of the school fund mortgage and the sale of the land by the county auditor as heretofore stated, appellant presented his tax-sale certificate to the county auditor and demanded that the latter execute and deliver to him a deed for the land so purchased by him at such tax sale. The auditor refused to execute such deed, after which appellant filed his claim in the auditor's office, asking that the county refund the $291.10, so paid by him, with interest, upon the theory that the tax sale was void, because of a defective and insufficient description. There was judgment against appellant, from which this appeal.

Acts 1919 p. 198, §291, §14334 Burns 1926, provides that no sale or conveyance of land for taxes shall be valid if at the time of being listed for taxation such lands shall not be liable for taxation; or, if liable, the taxes thereon shall have been paid, or if the description is so imperfect as to fail to describe the land with reasonable certainty, and in all such cases, the money paid by the purchaser at such void sale shall be refunded with interest, out of the county treasury on order of the county auditor.

Referring to the first four descriptions, there is no

question but that each of them is sufficiently definite to convey title. Such descriptions would be good in a deed or mortgage, the abbreviations being as well understood in this state as the words for which they stand. *Etchison Ditching Assn.* v. *Jarrell* (1870), 33 Ind. 131; *Frazer, Trustee,* v. *State, ex rel.* (1886), 106 Ind. 471, 7 N. E. 203; *Collins* v. *Dressler* (1892), 133 Ind. 290, 32 N. E. 883; *Diamond Plate Glass Co.* v. *Tennell* (1898), 22 Ind. App. 132, 52 N. E. 168; *Taylor* v. *Wright* (1887), 121 Ill. 455, 13 N. E. 529. The description of the 3.20 acres is not sufficient to pass title. *College Corner, etc., Road Co.* v. *Moss* (1883), 92 Ind. 119; *Armstrong* v. *Hufty* (1899), 156 Ind. 606, 55 N. E. 443, 60 N. E. 1080.

The fact that the description of the 3.20-acre tract is ineffectual to transfer title does not necessarily mean that appellant is entitled to have his money refunded out of the county treasury. As was said in *State, ex rel.,* v. *Casteel, Auditor* (1887), 110 Ind. 174, 11 N. E. 219: "An insufficient description of the land will defeat the title, but will not defeat the lien. The lien will hold if the purchaser can show what property was intended to be taxed, but the title will not pass if the description is defective." To the same effect, see *Travellers' Ins. Co.* v. *Martin* (1892), 131 Ind. 155, 30 N. E. 1071; *Ball* v. *Barnes, Auditor* (1890), 123 Ind. 394, 24 N. E. 142; *Millikin* v. *City of LaFayette* (1889), 118 Ind. 323, 20 N. E. 847.

Appellant makes no claim that Estlick did not own the 3.20-acre tract, that it was not liable to taxation, or that the taxes thereon had been paid. It was capable of being identified as the land owned by Estlick, and, being subject to taxation and the taxes not having been paid, it was subject to sale. This being true, the fact that the description was not sufficient to convey title did not defeat the lien of the state, nor did it give

the purchaser a right to recover his money from the county. In order that a purchaser of land sold for taxes may recover the amount paid by him at such sale there must not only be a description so indefinite that the land cannot be located from the description, but the description must also be so indefinite that it cannot be ascertained what land was intended to be sold, or that the land was not subject to taxation, or that the taxes thereon had been paid before the sale.

The 3.20 acres having been owned by Estlick, it was capable of identification, and, being liable to taxation and the taxes thereon not having been paid, the sale, though ineffectual to convey title, was sufficient to and did transfer the lien of the state to appellant. When the lien of the state is transferred, the money paid cannot be recovered from the county. Before a purchaser of land sold for taxes can recover his money from the county, he must show that the sale was ineffectual to convey title and that it failed to transfer the lien of the state. Appellant failed to discharge this burden. If it should be conceded that each of the five descriptions was too indefinite to convey title, the judgment of the trial court is right, each tract being subject to taxation, the taxes thereon not having been paid and it being possible by proof to show what land was intended to be taxed. In this connection, we call attention to §§14335 and 14341 Burns 1926, being §§292 and 298, ch. 59, Acts 1919 p. 198.

When appellant purchased the property at the tax sale, his purchase was subject to the lien of the school-fund mortgage. He may have lost his claim to the land and his lien by reason of the foreclosure of that mortgage, but that did not entitle him to a judgment against the county in the instant case.

Judgment affirmed.