## John P. Perisho v. John Quinn.

1. FRAUDULENT CONVEYANCES—*Secret Trust.*—A deed, though absolute on its face, but subject to a secret trust in favor of certain creditors, is fraudulent and voidable because it is designed and intended to hinder and delay creditors.

**Memorandum.**—Creditor's bill. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding.

Heard in this court at the May term, 1893, and affirmed. Opinion filed November 27, 1893.

The opinion states the case.

H. S. TANNER and F. W. DUNDAS, attorneys for appellant.

H. VAN SELLAR, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee obtained a decree in chancery against appellant requiring him to pay the sum of $216.21 and costs, from which the present appeal is prosecuted.

The bill alleged that the appellee was a judgment creditor of one Wm. H. Perisho, and that in order to hinder and delay his creditors the latter had deeded a valuable farm to one Jonathan Perisho, who afterward, for the same purpose, deeded it to the appellant. The farm was incumbered by mortgages for more than half its value, and it was shown that Jonathan Perisho as well as the appellant had an unsecured demand against the said Wm. H. Perisho. Doubtless it was intended to cover and secure these claims, and the theory of the bill was that the appellant was to hold the land as long as desired by the said Wm. H. and then to sell and account to him for the surplus. It appears that the land was subsequently sold for $10,500, which was the sum total of all the liens upon the land and the claims of Jonathan Perisho and the appellant, as the latter alleges, but according to the position of appellee this sum also covered and included a false and pretended note for $300, which was given without consideration and for the sole purpose of making up the amount for which the land was sold.

Appellee also insisted that the claim of appellant against Wm. H. Perisho was not really as large as alleged, aside from this $300 note. It was further insisted that the said Wm. H. Perisho had received from the appellant a considerable amount of money in pursuance of the arrangement. We think the evidence justifies the conclusion reached by the court that the deed, though absolute on its face, was sub-

ject to a secret trust in favor of the said Wm. H. Perisho, and that it was fraudulent and voidable because it was designed and intended to hinder and delay creditors.

The argument of appellant is devoted mainly to an effort to demonstrate that the evidence does not warrant this conclusion as a matter of fact. There is no question as to the rule of law applicable.

It seems that whether the decree is right, depends very much upon the credit to be given to the testimony of Wm. H., Abram, Jonathan and Leander Perisho. The contention is that the testimony of the first is discredited, because it is not in harmony with what he testified in another case brought by other creditors for the purpose of impeaching this same transaction.

And it is argued that there are various considerations which discredit the others.

It is not necessary to go into details or to discuss the objections suggested.

The testimony in the present record is not so opposed to common experience as to excite any suspicion. While it may not be truthful, it is not remarkable. The chancellor who saw the witnesses and heard their oral statements, could determine their veracity better than we. There are many features of the transaction which tend to sustain the evidence upon which the decree is based. The conclusion reached is probably correct; certainly there is no good reason for disturbing it.

The decree will be affirmed.