Lehigh v. World's Columbian Exposition.

# William J. Lehigh v. World's Columbian Exposition.

67    27
75    165

67    27
76    601

67    27
s94    433

1.   FELLOW-SERVANTS—*A Question of Fact.*—It is for the jury to determine, under correct instructions defining what in law constitutes the relationship of fellow-servants, the question of fact, whether in a particular case the relationship exists or not.

2.   PRACTICE—*When the Court Should Take a Case from the Jury.*—Unless the evidence given at the trial with all inferences which the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such verdict, if returned, must be set aside, the case should be submitted to the jury; and it is only where there is no evidence before the jury on a material issue in favor of the party holding the affirmative of that issue, on which the jury could, under the law, reasonably find in favor of such party, that the court may properly exclude the evidence or instruct the jury to find against him.

Trespass on the Case, for personal injuries.  Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.  Heard in this court at the October term, 1896.  Reversed and remanded.  Opinion filed November 19, 1896.

J. WARREN PEASE, attorney for appellant.

JOHN A. POST and JOHN B. BRADY, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant sued the appellee, in case, to recover for personal injuries suffered by him through the negligence of appellee, by its servants.  Upon the conclusion of the evidence in behalf of the appellant, the court sustained a motion by appellee to instruct the jury to find the defendant not guilty, which being done and a verdict accordingly returned, judgment was given against the appellant.

The sole question is, was there enough evidence in the case to require the question whether the appellant and the other servant of appellee, through whose act the accident occurred, were fellow-servants, to be submitted to the jury?

On January 7, 1893, and for five months previous, the appellant was in the service of appellee as a painter and calciminer, and at the time of, and for several weeks before the accident, worked in the Manufactures Building, doing what is called scaffold work, that is, painting or calcimining from a scaffold.  There were thirty-five scaffolds suspended in the building.  The scaffolds were from twenty to twenty-six feet long, and the gang that worked on each scaffold consisted usually of three men who always worked together, not necessarily, as we understand, upon the same scaffold, but always together upon some one scaffold.

The whole force was under one foreman, and all worked to a common end, viz., the general enterprise of painting and calcimining the interior of the building.  Each man had his separate pail, brush, etc.  All did the same kind of work and were paid the same wages.  All the scaffolds were hung by sailors, and were hung exactly in the same

Lehigh v. World's Columbian Exposition.

way, and after being hung the painters took charge of them, that is, each gang of painters took charge of one scaffold, until it became necessary to rehang the scaffold in another place, and shifted or lowered it as their work progressed.

The scaffolds were so hung that the "stretch" painted by one gang would meet or be coterminous with that painted by the gang on the next nearest scaffold. The "stretch" that could be reached and painted by one gang was practically equal to that which every other gang could cover, and if each gang worked with the same rapidity as every other one, all the scaffolds would be lowered or shifted at the same time. That result was not, however, the case, and sometimes one scaffold would be lowered in advance of others.

Each scaffold was suspended by ropes and tackle from an overstretching beam or girder that supported the roof, and was lowered or shifted by loosening a heavy rope, called a penant, which passed over, or through, the supporting beam and was tied to a brace.

On the day of the accident, the gang on the scaffold next to that upon which the appellant was working, finished their "stretch," and one of the men went upon the beam to lower their scaffold, and by mistake unfastened the penant to the scaffold upon which appellant was at work, which caused that scaffold to suddenly drop or tilt at one end and precipitate appellant to the floor below, occasioning to him the injuries on account of which he sued.

The penant so inadvertently unfastened, was tied about five feet from the one intended to be loosened. The appellant never spoke to, and had no personal acquaintance with the members of the gang of which he who unfastened the rope was one, although he knew their names; nor did that gang and the one of which appellant was one always work on scaffolds next to each other, and there was evidence that tended to show that the two gangs had never before that day worked on scaffolds next to one another.

What constitutes co-employes fellow-servants, so as to exempt the common master from liability for injuries

resulting to one from the negligent act of the other, both being engaged in parts of the same general enterprise, need not be said by us here, except by a reference to the cases of C. & N. W. R. R. Co. v. Moranda, 93 Ill. 302, and Rolling Mill Co. v. Johnson, 114 Ill. 57.

The definitions there laid down as to who are such co-employes must be regarded as the best expression of what in law constitutes such relationship. But as to when in fact such relationship exists, is often a question of exceeding difficulty, and this case is no exception. Perhaps it is as much because of that difficulty, as of anything else, that it has been wisely left to the jury, under correct instructions defining what in law constitutes the relationship of fellow-servants, to determine the question of fact whether in the particular case the relationship exists or not.

The judgment having to be reversed because such question was taken from the jury, it would be improper for us to point out wherein the evidence tended to show a lack of such consociation and opportunity for the exercise of mutual influence for the promotion of caution in each other.

The most we should say in that regard, so as to leave the question unprejudiced to either party before another jury, is to express the opinion that it is plain that reasonable and fair-minded persons might well differ in their conclusions drawn from the evidence, as to whether, under the law defining what the relationship must be between co-employes in order to make them fellow-servants, such relationship between appellant and the servant who untied the rope, did in fact exist.

Unless " the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff, that such verdict, if returned, must be set aside," the case should be submitted to the jury. Simmons v. Chicago and Tomah R. R. Co., 110 Ill. 340.

It is only where there is no evidence before the jury on a material issue in favor of the party holding the affirmative of that issue, on which the jury could, under the law,

reasonably find in favor of such party, that the court may properly exclude the evidence or instruct the jury to find against him. Frazer v. Howe, 106 Ill. 573.

Because of the error in peremptorily instructing the jury to find for the appellee, the judgment of the Superior Court will be reversed and the cause remanded.