## John P. Perisho v. Leander Perisho.

1. JUDGMENTS—*Irregularities in Obtaining—Who May Complain.*— A filed a bill against B to subject certain funds in his hands to the payment of a judgment against C. The judgment was founded on a note, payable one day after date, accompanied by a power of attorney authorizing a confession "at any time after this note becomes due." The judgment was entered before the expiration of the days of grace. *Held*, that the debtor only should be allowed to object on that account, and that as the debt was *bona fide*, the mere fact that judgment was entered prematurely, could not be set up by B, when he was not prejudiced thereby.

2. APPELLATE COURT PRACTICE—*As to Objections Presented for the First Time.*—It is a matter of common practice in courts of appellate jurisdiction to decline the consideration of questions not presented on the trial. And in this case, as the objection to the affidavit, proving the execution of the power of attorney to confess judgment was not interposed in the trial court, this court declines to consider it.

3. FRAUDULENT CONVEYANCES—*Not Set Aside at the Request of a Participant in the Fraud.*—When parties enter into an arrangement for the conveyance of the real estate of one of them, for the purpose of hindering and delaying his creditors, at the same time, reserving a secret trust for the benefit of the grantor, according to well-settled principle, the law will leave them in the position they make for themselves, and will not set the conveyance aside at the request of a creditor who was a party to the arrangement.

4. ESTOPPEL—*By Decree on Same Question.*—A filed a creditor's bill

Perisho v. Perisho.

against B, C and D, praying that land to which B held the legal title be subjected to the payment of a debt due from C; and in pursuance of such bill a decree was entered declaring that B was the lawful owner of the land in question, and that C's creditors had no claim thereon. At a subsequent date D filed a creditor's bill against B and C, to subject the same land to sale for the payment of a claim against C. *Held*, that the decree in the first suit estopped D from setting up the claim relied on in the second, as he was a party to the first, and as it involved the same question as that at issue in the second.

**Creditor's Bill.**—Appeal from the Circuit Court of Edgar County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed June 16, 1897.

JAMES A. EADS, F. W. DUNDAS and H. S. TANNER, attorneys for appellant.

JOSEPH E. DYAS and ROBERT E. HAMILL, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree subjecting certain funds in the hands of appellant to the payment of a judgment held by appellee against one Wm. H. Perisho. It is urged as a ground of reversal that the judgment is void because it was prematurely entered, and because there was no sufficient affidavit proving the execution of the power of attorney to confess, the judgment being by confession, in vacation.

The note was dated January 3, 1893, payable one day after date and was accompanied by a power of attorney authorizing a confession " at any time after this note becomes due." The judgment was confessed on the 4th of January, and the contention is that the note was not due because the days of grace had not elapsed and so the confession was without authority, and void. We are inclined to hold that this objection is one which the debtor only should be allowed to urge. There is no collusion or fraud of which the appellant may complain. The debt was *bona fide*, and the mere fact that the judgment was entered prematurely

should not be set up by the appellant when he is not prejudiced thereby.

The objection as to the affidavit is that the signature of the clerk to the jurat is wanting.

It does not appear that this objection was interposed when the judgment was put in evidence.

It is a matter of common practice in courts of appellate jurisdiction to decline the consideration of questions not presented on the trial. Had the objection to the affidavit been stated then, it is probable it might have been obviated. If the affidavit was in fact made, the oath being duly administered, the mere failure of the clerk to attach his signature to the jurat should not vitiate the proceeding Kruse v. Wilson, 79 Ill. 233. Had the objection that the judgment was premature been made on the trial, and had it been clear that the defect was fatal, the complainant might have dismissed his bill without prejudice for the purpose of taking a valid judgment without delay upon which to obtain an execution and afterward file a new bill to reach the fund in dispute. The course pursued by appellant of making no specific objections upon the hearing and holding the points in reserve until the case is argued here should not be approved.

On the question whether the appellant should be charged with a fund in his hands derived from a surplus arising on the sale of lands formerly belonging to the judgment debtor and held by the appellant in trust, the evidence is conflicting.

In the case of Perisho v. Quinn, 52 Ill. App. 102, we affirmed a decree involving the same question of fact. That decree was put in evidence in this case and it is contended it is conclusive upon appellant. The appellant contends it is not because the appellee was not a party to the decree, and not himself being bound by it is in no condition to urge it as binding upon appellant who was a party thereto. The general rule is as stated by the appellant though not always followed or recognized by the courts of this county—but we need not determine whether it is applicable here because

we find enough independent and original proof of the facts, if believed by the trial court, to support the present decree so far as that feature of the case is concerned.

Appellant urges that this case differs in its proof from the Quinn case, because there no question was made as to the validity of the debt or the judgment thereon, and because here the appellee was a party to the fraudulent conveyance and can not be heard to make his present demand as to the fund held by the appellant; that he is estopped by his participation in the transaction to allege the real facts. We have in effect disposed of the first of these objections. As to the second, there is proof that while appellee was present on the occasion when Wm. H. Perisho made the conveyance of his land to Jonathan Perisho, who afterward conveyed to appellant upon the same understanding with which it was conveyed to him, yet appellee was not permitted to know the facts, and that the real object of the transaction was concealed from him because they distrusted his ability to keep the secret. It is said there is no proof that the appellee did actually know of the fraudulent purpose for which the deed was made, nor that he had anything to do with that particular transaction whatever he may be presumed to know or suspect as to such purpose. It is said the evidence does not connect him with the fraudulent transaction as a party, and he is not estopped to assert the facts and ask the relief prayed for in his bill.

This is the insistence of counsel for appellee. All the circumstances of the transaction are to be considered, and it should be noticed that appellee though present at the trial and though it was proved that he had repeatedly said he had no interest in the matter, and that the suit was carried on wholly at the instance of W. H. Perisho, did not testify and gave no evidence whatever in his own behalf. It seems incredible that he did not understand the purpose of the conveyance to Jonathan, and while he was not a party to that conveyance, he was to several others made that night, all of which were parts of a general scheme to put the property of all these insolvents out of the reach of creditors,

and to protect each other in respect to their personal liabilities as sureties or otherwise.

Appellee was then surety for W. H. Perisho, and according to the testimony of the latter it was the purpose to secure that claim out of the surplus so as to protect appellee and Mrs. Perisho, the mother, who was also on the paper as surety. The ultimate result of the decree is to relieve W. H. Perisho of his liability to appellee, and to Mrs. Perisho in case she should be compelled to respond as co-surety to appellee It appears that this suit is really prosecuted by W. H. Perisho rather than by appellee, and the effect is to enable him as a direct, and appellee as an indirect participant, presumably cognizant of the whole matter, to benefit by the decree, when, according to a well settled principle, the law will leave the parties in the position they have made for themselves.

As a part of the general transaction, when Wm. H. Perisho deeded the land in question to Jonathan Perisho, he deeded his undivided interest in the land on which his mother had a right of dower to appellee, for the expressed consideration of seven hundred dollars, and at the same time appellee conveyed this and other lands to his brother-in-law, M. C. Cook, for the expressed consideration of $1,450. The purchase money for this land represented by the note of Cook, was used by appellee to pay the note to the bank, on which he and his mother were surety for W. H. Perisho, which payment is the basis of appellee's claim as creditor of said W. H. Perisho, in this case. This part of the transaction connects appellee directly and as a beneficiary with the fraudulent conveyance to Jonathan Perisho, and in addition seems to show that to the extent of $700, the purchase price of the undivided interest in the dower property, he was then indemnified against his contingent liability as surety of W. H. Perisho.

Another aspect of the case should be stated here. The deed, intended to put the land of W. H. Perisho out of the reach of his creditors, was made to Jonathan Perisho, to whom W. H. Perisho owed five hundred dollars, which it was understood should be secured by this conveyance.

Jonathan, in case he should sell the land, was to pay the various incumbrances thereon, retain said five hundred dollars, and hold the surplus for the benefit of W. H. Perisho.

At that time W. H. Perisho was indebted to appellant in a considerable amount, some twelve hundred dollars or more, absolutely or contingently, appellant being his surety for a part of the amount, and when the transaction came to the knowledge of the appellant, he wanted security as to these matters. He went to Jonathan Perisho and to W. H. Perisho, and after some discussion it was agreed that if the appellant would undertake, at all events, to pay the five hundred dollars due to Jonathan Perisho, the latter should convey the land to him, and when he should sell it he might retain what was due or should become due him from W. H. Perisho in addition to the five hundred dollars due Jonathan.

It appears that the amount so paid Jonathan, and the amount really due appellant, and the amount he has had to pay Quinn, almost, if not quite, equals the surplus received by appellant over and above the incumbrances on the land. As between appellant and W. H. Perisho the balance is small if anything. As between him and appellee it would seem the latter should be required to explain or account for the item of $700, being the purchase price of the interest of W. H. Perisho in the dower property.

The state of the account between appellant and W. H. Perisho is not important unless the transaction is to be regarded as fraudulent as against creditors, and appellee is to be treated as a creditor, innocent of the fraudulent transaction. But as shown already, it is difficult, if not impossible, to so regard him in the light of all the facts and circumstances, and in view of his failure to testify.

Another important feature of this record is, that in a chancery proceeding brought by Griswold and other creditors (not including Quinn) against Wm. H. Perisho, John P. Perisho (appellant) and Leander Perisho (appellee), determined at the September term, 1888, of the Edgar Circuit

Court it was adjudged that the appellant was the lawful owner of the lands in question, and that the creditors of W. H. Perisho had no claim against appellant in that behalf.

In that case W. H. Perisho appeared and testified in support of said transaction, affirming its validity, and denying that it involved any fraudulent reservation as against creditors. Appellee was a party to that suit which also involved the conveyance by him to Cook, and the transfer of the notes representing the purchase money to the bank in satisfaction of the indebtedness of said W. H. Perisho, on which appellee and their mother were sureties, being the same matter which is the basis of the present claim of appellee as a creditor. A part of said decree directed that said Cook notes should be a lien upon the land conveyed to him, and that on payment of the same to the bank, the said claim of the latter should be satisfied pursuant to a recited agreement of the parties to that effect. Now it is urged in behalf of appellant that this decree should estop appellee to set up the present claim against the validity of said transfer.

The answer made by appellee to this insistence is that as appears by the receipt of the attorney for the bank the payment to the bank was subsequent to the decree, and it is said the appellee could not be estopped to assert a claim which has arisen to him since the rendition of said decree. The contingent liability existed long before that suit was commenced, and as already stated, the decree involved the payment by appellee by means of the transfer of the Cook notes of said indebtedness.

It was one of the findings of the decree that the appellee had some time previously transferred said notes for that purpose, and that the bank was willing to accept the same, and the transaction was approved and confirmed by the decree. So the position of appellee is not sustained by the facts, and we are at a loss to see upon what line of reasoning appellee can avoid the estoppel of said decree.

He was a party thereto. It involved the very question at issue now, and it also affected and settled his liability for, and provided for his payment of, the very indebtedness upon which is predicated his present claim as creditor.

The mere fact that such claim remained unadjusted for some four years up to the time when the judgment note was taken, is not important except as it appears to corroborate the suggestion that the proceeding is based upon an afterthought conceived by W. H. Perisho, who now undertakes, by his own testimony, to impeach a transaction which in that case he testified was fair and honest.

We are of opinion the decree should be reversed and the cause remanded.