World's Columbian Exposition Co. v. William J. Lehigh.

1. RES ADJUDICATA—*Former Appeals.*—Where a case between the same parties has been decided in this court on a former appeal, the court can take judicial notice of the record in the former appeal and if the facts in the former trial were the same as on the second trial which resulted in the judgment from which the latter appeal is taken, this court is concluded by the adjudication in the former appeal.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; The Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 8, 1901.

O. W. DYNES, attorney for appellant.

J. WARREN PEASE, attorney for appellee; S. W. POLKEY, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee and against appellant for the sum of $2,000, rendered in an action on the case for injuries to the person of appellee, alleged to have been occasioned by the negligence of appellant's employe, who, it is averred in the declaration, was not a fellow-servant of appellee.

The salient and vital facts in evidence are substantially undisputed, and we are unanimously of opinion, from the facts, that the employe of appellant, whose negligence or inadvertence caused the injuries complained of by appellee, was a fellow-servant of appellee, and that reasonable minds can not reasonably arrive at any other conclusion from the facts in evidence. However, we are not at liberty to decide the appeal in accordance with this conclusion, for the following reason : There was a former appeal from a judgment rendered on the first trial of the cause (Lehigh v. World's Columbian Exposition, 67 Ill. App. 27), in which the facts are substantially stated. On that trial the trial court, at the conclusion of the evidence, took the case from

the jury, on motion of the defendant, by peremptorily directing the jury to find the defendant not guilty. On appeal to this court it was held that the trial court erred in so instructing the jury; that the case should have been submitted to the jury, and, for the alleged error, the judgment was reversed and the cause remanded. The court, in holding that the case should have been submitted to the jury, necessarily held, and in the opinion states, that reasonable minds might reasonably differ as to the question whether the person whose negligence caused the injury, and who was in appellant's employ, was, or not, a fellow-servant of appellee. Both appeals being between the same parties and in the same suit, we can take judicial notice of the record in the former appeal, and if the facts on the former trial were the same as on the second trial, which resulted in the judgment from which the present appeal is, we are concluded by the adjudication of the court in the former appeal. Smyth v. Neff, 123 Ill. 313; West v. Douglas, 145 Ib. 164; Henning v. Eldridge, 146 Ib. 305.

On inspection of the record in the former appeal, we find that the facts in that and in the record in the present appeal are substantially the same. Therefore, the adjudication in this must be the same as in the former appeal. In the present case the defendant, at the close of the evidence, moved the court to take the case from the jury, and presented an instruction to that effect, which motion the court overruled; so that the Supreme Court, if the case shall be appealed to that court, may, unembarrassed by any prior decision in the case, be enabled to pass on the question whether the employe, whose negligence caused the injury complained of, was, or not, a fellow-servant of appellee.

For the sole reason that we are bound by the adjudication in the former appeal, the judgment will be affirmed.