# Leander Perisho v. John P. Perisho.

1. FRAUDULENT CONVEYANCES—*Will Not be Set Aside at the Instance of a Party to the Fraud.*—Where the evidence shows that the complainant in a bill to set aside a fraudulent conveyance had participated in such conveyance, the court will leave him in the position he has made for himself.

2. RES ADJUDICATA—*Former Decisions in the Same Case.*—The opinion and decision of the Appellate Court in a case reversed and remanded are of binding authority on the court to which it is remanded upon subsequent hearings of such case, and when the facts are not changed by the evidence upon a second trial and the court enters a decree in accordance with such opinion and decree it will be affirmed.

**Bill to Set Aside a Fraudulent Conveyance.**—Error to the Circuit Court of Edgar County; the Hon. HENRY VAN SELLAR, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 10, 1901.

A. Y. TROGDON and T. J. TROGDON, attorneys for plaintiff in error.

DUNDAS & O'HAIR and H. S. TANNER, attorneys for defendant in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Plaintiff in error, as a judgment creditor, prosecuted a proceeding in equity in the Circuit Court of Edgar County against defendant in error, to set aside certain conveyances and subject the lands so conveyed to the payment of his judgment. Upon a hearing the Circuit Court entered a decree in favor of the plaintiff in error against John P. Perisho, the defendant in error, which was reversed by this court upon appeal prosecuted therefrom by the latter; and this court then remanded the proceeding to the Circuit Court for the reasons stated in the opinion in 71 Ill. App. 222.

After such remanding the proceeding was again heard in the Circuit Court and some additional testimony was produced which, together with the evidence considered on the first hearing, constituted all the evidence heard. The addi-

tional testimony in no essential particular changes the aspect of the rights of the parties from that presented when the proceeding was formerly before us and then determined.

The Circuit Court after the second hearing found against plaintiff in error and entered a decree dismissing his bill for want of equity, to reverse which he prosecutes this writ of error.

After a careful examination and consideration of all the evidence now on this record, we are satisfied that the rights of the parties herein are shown to rest precisely upon the same facts and principles as were shown when the case was before us formerly, and this court then in effect decided the evidence showed that plaintiff in error had participated in the fraudulent conveyances which he herein attacks, and must, on that account, be left in the position he made for himself.

The former opinion and decision of this court in this case after it was remanded, were of binding authority upon the Circuit Court upon the second hearing: and the facts not having been changed by the evidence, and it having entered a decree herein in accordance with such decision and opinion, we must and will affirm it. Affirmed.