Westfall v. Albert.

107    51
a212s    68

## Peter R. Westfall v. John A. Albert et al.

1. RES JUDICATA—*Judgment of Branch Appellate Court is Binding upon the Appellate Court.*—Where a case has been heard and determined in the Branch Appellate Court, its judgment is binding upon this court.

Debt, on a bond. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed February 26, 1903.

GAGE & DEMING and S. A. FRENCH, attorneys for appellant.

PENCE & CARPENTER, attorneys for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant, the obligee in a bond under seal made by the appellees, brought an action of debt thereon against appellees, alleging breach of the conditions therein contained. The bond recites that appellee Albert had leased certain premises, describing them, and was desirous of erecting thereon a bathing establishment, driving piles in the ground therefor and making other alterations and improvements, and that he claimed to own or hold some right, title or interest in the premises. Then follows the condition of the bond, which is:

"Now, therefore, said Albert covenants and agrees that he will remove or cause to be removed off and from the said premises hereinbefore described, all erections, piling or improvements of all kinds that he shall hereafter erect upon said premises before or by the expiration of the term of his said lease of said premises, and will restore said premises to the same condition they were in at the date of said lease; the same to be done at his own cost and expense. That in such case this obligation shall be void and of no effect, otherwise shall remain in full force."

To the declaration, among other pleas not now in question, appellees interposed certain additional pleas, the first and fourth of which are pleas *non damnificatus*. General and special demurrers to each of these pleas were interposed by appellants, as well as to the other pleas not in question. The court overruled the demurrer to the first and fourth additional pleas and sustained them to the other pleas. Appellant elected to stand by the demurrers to the first and fourth additional pleas, and the court entered judgment against him for costs, from which this appeal is taken.

These same pleas were before the Branch Appellate Court on a writ of error from a judgment of the Circuit Court sustaining a demurrer to the pleas. The branch court held that the pleas were good, that the demurrers

thereto were improperly sustained, reversed the judgment of the Circuit Court and remanded the case. The judgment from which this appeal is taken was rendered pursuant to and in compliance with the judgment and decision of the branch court. The decision and judgment of the branch court was, under the statute, the law of the case, and binding upon the Circuit Court, and for that reason the latter court did not err in overruling the demurrers. The judgment of the Branch Appellate Court is, in our opinion, *res adjudicata* on the question presented by this appeal; Board of Directors v. People ex rel. Raymond, 189 Ill. 439-43; Pease v. Ditto, 189 Ill. 456-63; Union Nat. Bank v. Post, 93 Ill. App. 339-45; Perisho v. Perisho, 95 Ill. App. 644; World's Col. Exp. v. Lehigh, 94 Ill. App. 433.

While, under a strict construction of the statute creating the branch court, there may be some question as to whether its judgment in the same case is binding upon this court, and while we are inclined to take a different view from that court upon the question presented, we think it not improper, and will therefore affirm this judgment for the sole reason that we are bound by the former adjudication of the Branch Appellate Court.