CALVIN H. FREW

v.

GEORGE H. TAYLOR.

*Filed at Springfield March 29, 1883.*

1. TAX TITLE—*defect in notice of application for judgment cured by appearance and resisting application.* Where the owner of land appears and resists an application for judgment against the same for taxes, this is a waiver of all objection to the sufficiency of the notice of the application, and gives the court jurisdiction, and he or his grantee will not be allowed to urge the insufficiency of the notice to defeat a sale made under the judgment of the court in such proceeding.

2. SAME—*former adjudication—as to objections filed.* Where the owner of land appears and files objections to the rendering of judgment against the same for taxes, which are overruled, the questions thus put in issue and decided against him become *res judicata*, and he and his grantee will be precluded from urging the same matters thus decided to defeat the tax title acquired by a sale under the judgment.

3. SAME—*mere error no ground to defeat tax sale.* Where the court rendering a judgment against land for taxes has jurisdiction, the judgment, though erroneous, is just as conclusive until reversed as if it was entirely free from all error.

4. SAME—*of the proof required to support judgment for taxes.* On application for judgment against land for taxes, the collector's report of the list of delinquent lands, when proof is made of the notice of the application, makes out a *prima facie* case in support of the application, and judgment will be rendered upon it unless good cause is shown to the contrary by those contesting the same; and when the application is resisted, and the objections to the rendering of judgment are overruled, and the land sold and a tax deed taken out, the party relying on such tax deed is not required to prove that the taxes were lawfully levied, and the authority to collect the same, to maintain his title.

5. SAME—*variance between amount of judgment and amount bid at the sale—as affecting the validity of the sale.* The question of variance between the amount of the judgment against land for taxes and the amount bid at the sale not being jurisdictional, can not affect the validity of the title acquired at the sale. It seems questionable whether the addition of the costs to the amount of the judgment constitutes any variance.

6. SAME—*of the precept—by whom to be issued, in case of appeal to circuit court—form of the precept.* Where judgment has been rendered against lands or lots for taxes, on appeal to the circuit court it is the duty of

the circuit clerk to make and deliver to the county clerk a record of the lands and lots against which judgment is rendered, substantially as is required of county clerks by section 194 of the Revenue act, which shall constitute the process on which such lands shall be sold. Such record, made in substantial compliance with the statute, will be sufficient, and it will not be invalidated by the insertion therein of more than the statute requires. The statute having prescribed no form to be observed, the addition of useless but not repugnant matter will not vitiate it.

7. SAME—*effect of a precept also issued by the county clerk.* Where a sufficient precept of sale of delinquent lands has been made out by the clerk of the circuit court on a judgment against real estate for taxes, rendered in that court on appeal from the county court, and delivered to the county clerk, which, alone, is a sufficient authority for the sale, a precept of sale, also issued by the county clerk for the same purpose, being an abortive attempt to confer power already existing, is harmless, and can not invalidate the sale.

8. SAME—*of the notice to be given before taking out tax deed.* Under section 5, article 9, of the constitution, relating to notices of tax sales, the legislature is unrestricted as to the kind of notice to be given. It may be provided that the notice shall be by publication, and if by publication, in what form, or that it shall be otherwise, and prescribe in what manner. The only imperative requirement is, that occupants shall be served with personal notice.

9. The affidavit of the notice of a purchase at a tax sale showed that no person was in the actual possession of the land sold, to a period less than three months before the time of redemption expired, which is more than the statute requires; that the land was assessed in the name of J. M., and that he, upon diligent inquiry, could not be found in the county, and did not reside therein for any period of the time from the day of the sale down to within three months before the expiration of the time of redemption, and it appeared from the record that J. M. continued to be owner of the land until the sale for taxes: *Held,* that it was not the duty of the purchaser, in giving notice under the statute, to hunt up other parties claiming to have subsequently acquired an interest in the property, and that notice by publication was sufficient to entitle him to a deed.

10. The statute prescribes no form of notice to be published, and specifies nothing essential, except that which is to be included in the body of the notice,—that is, when the land or lot was purchased, in whose name it was taxed, the description of the land or lot, for what year taxed, and when the time of redemption expires. It is no objection that it is directed "to whom it may concern."

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. CALVIN H. FREW, *pro se.*

Mr. CHARLES H. WOOD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal brings before us for review the record of a judgment of the Ford circuit court, in an action of ejectment, wherein appellee was plaintiff and appellant was defendant. On the trial it was admitted by appellant that the United States conveyed the tract of land in controversy to the Illinois Central Railroad Company; that that company conveyed the same to James Mix, on the 30th of April, 1870, and that he conveyed the same to appellee on the 1st of November, 1879. There is, therefore, no question as to the completeness and sufficiency of appellee's chain of title, unless it has been broken by legal proceedings divesting the title from that chain, and investing it in appellant. Appellant claims that this has been done by judgments and sales for taxes, and deeds made pursuant thereto, and in support of this claim he offered in evidence the record of a judgment of the Ford county court, of its May term, 1875, for the delinquent taxes of 1874, against this tract of land. Appellee interposed the objection, and now insists upon it, that there was not proper foundation laid for the reading of this judgment in evidence. He contends that appellant should have proved the lawful levy of a tax, authority to collect it, and the publication of the notice in such case prescribed by statute, none of which, he insists, was proved. It is enough to say, in reply to this, that the record affirmatively shows that James Mix, the then owner of the land, appeared before the county court in person, and filed numerous objections, in writing, embracing all those now urged by appellee, and more, against the rendition of the judgment; that those objections were overruled, and a sale of the tract of land ordered by the court; that Mix appealed from this judgment to the circuit

court of that county, where the same objections were passed upon and overruled, and judgment was rendered that the tract of land be sold, and that Mix appealed from that judgment to this court, and we here affirmed the judgment of the circuit court. We held in *The People ex rel.* v. *Sherman et al.* 83 Ill. 165, and *Hale* v. *The People ex rel.* 87 id. 72, that a general personal appearance by the owner of real estate to an application to sell it for delinquent taxes, is a waiver of all objections to the sufficiency of the notice; and in *Grace-land Cemetery Co.* v. *The People,* 92 Ill. 621, we said: "Where there is no want of jurisdiction, an erroneous judgment is just as binding on the parties to it, until reversed, as a judgment entirely free from error,"—and this has been followed in *Belleville Nail Co.* v. *The People,* 98 Ill. 399, and *Gage* v. *Bailey,* 102 id. 11. When the record in that case was before us we overruled these identical objections now urged, holding that on an application for judgment against lands for taxes, the collector's report of the list of delinquent lands, where proof is made of the notice of the application, makes out a *prima facie* case, and judgment will be rendered upon it unless good cause be shown to the contrary by those contesting the same, and that no such cause was there shown; and we held, also, the proof of publication of the notice then before us sufficient. It is too clear to admit of controversy that all questions then in issue are now *res judicata.*

The question of variance between the amount of the judgment and the amount bid at the sale, sought to be raised by counsel, is not jurisdictional, and can not therefore affect the validity of the title acquired at the sale, whether it be well or ill founded. (*Spellman* v. *Curtenius,* 12 Ill. 409.) What is claimed to be a variance is caused by the mere addition of costs, and we incline to the belief that in fact there is no variance, the costs being properly added. But we regard it unnecessary to express any opinion on this subject.

The objection was urged by appellee in the court below, and is also renewed here, that after the affirmance of the judgment for delinquent taxes against the tract of land in controversy in this court, and after the record was remitted to the circuit court, the county clerk made out a new precept, under which the lands were sold, which, as he contends, was wholly unauthorized by law. Appeals in this class of cases, from the county court to the circuit court, were authorized by section 192, chapter 120, Rev. Stat. 1874, and it is provided by section 193 of that chapter, that "if judgment shall be rendered against any particular lot, piece, parcel or tract of land embraced in such appeal, it shall be the duty of the clerk of said circuit court, in all cases of appeal, to make and deliver to the county clerk a record of the lands and lots against which judgment was rendered, substantially as is provided for county clerks in section 194 of this act; which record, when filed in the office of said county clerk, shall be the process on which such real estate, or any interest therein, shall be sold for such taxes or assessments, as well as the record for the sale thereof; and it shall be the duty of the county collector, assisted by the county clerk, to proceed and sell the same for the amount of such judgment and costs, in the manner provided where judgment is rendered by the court against delinquent real estate." The provision of section 194 thus referred to, is: "The county clerk shall, before the day of sale, make a record of the lands and lots against which judgment is rendered, which shall set forth the name of the owner, if known, the description of the property, the total amount of judgment on each tract or lot, and the year or years for which the same is due, in the same descriptive order as said property may be set forth in the judgment book, and shall attach thereto a copy of the order of court, and his certificate that such record is correct."

As we understand this record, the clerk of the Ford circuit court did make out and deliver to the county clerk of that

county a record in substantial compliance with these provisions of the statute. It shows a record of a judgment against the south-east quarter of the south-east quarter of the north-west quarter of section 8, township 23, range 10,—the tract of land in controversy. It sets forth the name of the owner, (James Mix,) and shows him to be the contestant appealing the application for judgment. It shows the total amount of the judgment on this tract to be $8.85. It is in the same descriptive order as the property is set forth in the judgment book, and it has attached thereto a copy of the order of the court. Undoubtedly this is done in an awkward and unclerical way,—being, in truth, by certifying a complete transcript of the record,—but all that the law requires is therein set forth and shown. The only practical difference between this and a more artistic and formally correct record is, it requires more labor to obtain the knowledge designed to be thereby imparted; but the statute prescribes no form to be observed, and we are not prepared to hold that the addition of useless but not repugnant matter vitiates it. It need only be said with regard to the precept of the county clerk, if, without that precept the record was sufficient, it is not possible that it could vitiate it. No instance is recalled wherein an abortive attempt to confer power, where it already exists, vitiates or annuls the preëxisting power. In that view, at most, the precept was only supererogatory.

The final objection urged by appellee against appellant's title relates to the sufficiency of the affidavit for the tax deed. He urges three objections to it:

*First*—Although it is proved that appellee became owner of the land November 1, 1879, no effort is shown to find him or serve him with personal notice.

*Second*—The notice published is insufficient, because it is only to "whom it may concern."

*Third*—The affidavit does not state, particularly, the facts relied on as compliance with the law.

The constitutional mandate is, simply: "And the General Assembly shall provide, by law, for reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire: *Provided*, that occupants shall, in all cases, be served with personal notice before the time of redemption expires." (Const. 1870, art. 9, sec. 5.) And it will thus be observed that as to the kind of notice to be given the General Assembly is unrestricted. It may enact that it shall be by publication, and if by publication, in what form, or that it shall be otherwise, and prescribe how. The only imperative requirement is, that occupants shall be served with personal notice. The General Assembly, in obedience to this mandate, enacted: "Such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written or partly printed, notice of such purchase, on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, if, upon diligent inquiry, he can be found in the county, at least three months before the expiration of the time of redemption on such sale, in which notice he shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased, for what year taxed or specially assessed, and when the time of redemption will expire. If no person is in actual possession or occupancy of such land or lot, and the person in whose name the same was taxed or specially assessed, upon diligent inquiry can not be found in the county, then such person or his assignee shall publish such notice." It thus appears that it was not necessary, under the facts here shown, to make an effort to find the owner of the land. The affidavit explicitly shows that no person was in the actual possession of the land to a period less than three months before the time of redemption expired, which is

more than the statute required; that the land was assessed in the name of James Mix, and that he, upon diligent inquiry, could not be found in the county, and did not reside therein for any period of the time from the day of said sale down to within three months before the expiration of the time of redemption. The record shows, not only that James Mix was owner of the land when taxes for which it was sold became delinquent, but that he continued to be such owner until after the sale. Under that state of case we do not regard it as having been the duty of appellant, in giving notice, to hunt up other parties claiming to have subsequently acquired interest in the property.

The objection that the notice is "to whom it may concern," we regard as untenable. The statute prescribes no form of notice. It directs no particular caption or address, and does not specify anything as essential except that which is to be included in the body of the notice,—*i. e.*, when the land or lot was purchased, in whose name it was taxed, the description of the land or lot, for what year taxed, and when the time of redemption expires,—all of which this notice contains.

The objection to the affidavit we do not think has any support in the facts. It does sufficiently show the particular facts relied on as a compliance with the law, and those facts we deem sufficient to support appellant's deed.

The questions arising upon the second judgment do not differ materially from those we have herein noticed arising upon the first. Our conclusion is, the court below erred in excluding the evidence of appellant's title offered, and for that error the judgment must be reversed and the cause remanded.

*Judgment reversed.*