GEORGE H. TAYLOR

*v.*

CALVIN H. FREW.

*Filed at Springfield March 30, 1885.*

RES JUDICATA—*in the Supreme Court.* Where objections to the validity of a defendant's title to land are settled by this court in his favor upon his appeal, the decision will be adhered to on a writ of error by the opposite party, when the same objections are again urged.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

This was an action of ejectment, brought by George H. Taylor, in the Ford circuit court, against Calvin H. Frew, to recover the possession of ten acres of ground. The defendant set up and relied on a tax title which was passed upon when the case was before this court at a former term, and reported in 106 Ill. 159.

Mr. STEPHEN R. MOORE, for the plaintiff in error.

Mr. CALVIN H. FREW, *pro se.*

Per CURIAM:    This case was before this court at a former term, on the appeal of defendant, against whom judgment had been rendered in the trial court.    On reference to the opinion then delivered, a full statement of the facts will be found.    (*Frew* v. *Taylor*, 106 Ill. 159.)    The judgment of the trial court was then reversed because of the error of the court in excluding the evidence of defendant's title to the land in controversy.    On the remandment of the cause, a new trial was had, which resulted in favor of defendant, and now plaintiff brings the case to this court on error.

No question was made on the former hearing of the cause in this court, nor is any now made, as to the completeness and sufficiency of plaintiff's claim of title, unless it has been broken by legal proceedings divesting the title from that chain and investing it in defendant.    It will be seen that most of the objections urged on the former appeal, to the validity of defendant's title, are again insisted upon on the present hearing.    It is sufficient to say they were overruled by this court in its opinion then delivered, and it will not be necessary to repeat, here, any part of the discussion then given to the objection raised, and it will not be done.    Very little additional evidence is found in the present record, and what there is does not seriously affect the merits of the case as then determined.    In all its essential features the case is precisely the same as it was when before this court at the former term, and for the reasons then assigned the present judgment will be affirmed.

*Judgment affirmed.*