FRANK WILKE

*v.*

WILLIAM A. MILLER *et al.*

*Opinion filed February 14, 1898.*

1. PLEADING—*when defense of Statute of Frauds may be raised by demurrer.* Where a bill for specific performance of an agreement to convey land shows affirmatively that part of the contract rests in parol, the defense of the Statute of Frauds may be raised by demurrer.

2. SAME—*on demurrer, whether facts alleged show sufficient part performance is for the court.* Where a bill states facts relied upon as part performance, for the purpose of taking an oral agreement out of the Statute of Frauds, upon demurrer admitting such facts the court must determine whether the facts relied upon do constitute a sufficient part performance.

3. STATUTE OF FRAUDS—*Statute of Frauds cannot be invoked to perpetrate a fraud.* One who induces another not to assert, at law, his rights in certain property in which both are interested, by promising that if allowed to purchase the entire property at the partition sale he would make a deed to the premises for his portion of the property, and who permits the promisee to take possession of that portion and pay the taxes and assessments thereon, is estopped to invoke the Statute of Frauds as a defense to the promisee's bill for specific performance.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

J. HENRY KRAFT, for appellant.

ARTHUR SCHROEDER, ELMER ALLEN KIMBALL, and ALBERT H. TYRRELL, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill for specific performance, filed by appellant, to compel the appellees to convey to him a certain tract of land containing two and one-half acres. The bill alleged that for more than five years preceding the filing of the same the appellant had been, and still is, in possession of the premises, and that while so in possession he entered into a written contract with appellee William A. Miller, who signed the same "William A. Miller and others," which contract recited that they had sold the said premises to appellant for $2600; that appellant had paid $600 on the bargain, and that the balance was to be paid on delivery of a good and sufficient conveyance; that the property was involved in litigation and that a settlement was in negotiation, and in case the settlement should fail and Miller not be able to get a clear title, then the contract to be void and the money to be returned. The bill does not state who the "others" were, nor are their names given in the contract. The bill further alleged that appellant obtained a new contract for the premises from Mary Miller, Alvina Miller, William A. Miller, Mary Schlake and William Schlake, owners of an undivided one-half of a five-acre tract, of which the premises here in controversy and described in the first contract are a part, which new contract was substantially the same as the first contract, and also stated that it was made to supplement the same and formed part of the purchase in said contract mentioned. This new contract also contained the name of appellee F. Heimann as one of the

contracting parties, but was not signed by him. The bill further alleged that at the time of making these agreements a partition suit was pending; that several attempts had been made to sell the premises, but that Heimann had resisted such sale and insisted that the property should be divided; that Heimann had informed appellant, before the making of these contracts, that if he would obtain a contract from the owners of the said undivided half of the five-acre tract he would join with the owners in a contract for the conveyance of the premises; that, relying on such promises of Heimann, appellant procured this contract, but that Heimann refused to sign it, saying that it was unnecessary,—that he would see that appellant got the premises for the price stipulated, and would make proper conveyance of his interest when requested; that, relying upon such agreement with Heimann, he paid the $600 upon obtaining the signatures of the Millers and the Schlakes to bind his agreement with them. The bill further alleged that the parties to the partition suit had been unable to agree upon a partition; that the court had ordered the land sold, including the premises here in controversy; that on learning of such order of sale, he, the complainant, made arrangements to intervene in the partition proceedings and set up his rights under his contract, but that Heimann requested him not to do so and proposed that he would purchase the premises, and upon receiving a deed therefor would convey the two and one-half acres to appellant for the sum agreed to be paid by him under his contract; that appellant and all parties in interest attended the sale and consented to Heimann's purchase of the land, and that after the sale Heimann again assured him that he was ready and willing to make the conveyance to him as soon as the papers were in shape, and directed his (Heimann's) son to go with him (appellant) to the county treasurer and have the premises divided, so that each could pay his half of a special assessment against the premises, and that appellant then

and there paid $311.84 due on the premises; that he has paid the taxes and special assessments on the premises since and including the year 1891, and has had sewer and water pipes laid in the same, and caused the premises to be fenced in and cultivated; that afterwards, when Heimann refused to make such conveyance, he filed an intervening petition in the partition suit, the master's report of sale not having then been approved, to which Heimann demurred, for the reason that the issues therein had been disposed of, and that appellant's remedy, if any, was by a new bill, which demurrer was sustained by the court; that appellant would have intervened sooner in said suit, but that it was understood and stated by all parties that two and one-half acres of the five-acre tract belonged to the Millers and Schlakes and the other two and one-half acres to Heimann, and, having the contract with the Millers and the aforesaid promises from Heimann, he was induced not to enter into said litigation, being informed it would complicate matters and put him to unnecessary expense; that he is still in actual possession of the premises, and that he has repeatedly offered the amount still due on the contract to Heimann and to the parties to said contract, but that Heimann refuses to accept the same and claims to be the owner of the premises under the sale in the partition suit, and that appellant is now ready and willing to pay the amount due from him into court. The bill made the parties to the contract and Heimann parties, and prayed that he be allowed to pay into court the sum due from him; that he be adjudged the true owner of the premises and Heimann be decreed to hold the title in trust for him, and that he and all defendants be decreed to convey such premises to him, and they be estopped from setting up any claim to the premises, and for further relief. All defendants demurred, the court sustained the demurrers, and, appellant electing to stand by his bill, it was dismissed for want of equity, and appellant has appealed to this court.

Appellee Heimann contends that he never agreed in writing to convey these premises to appellant; that it is not alleged that he ever received any part of the $600 paid by appellant on making the contract set up in the bill; that appellant knew, when he made the contract, that the partition suit was pending, and that there is no allegation in the bill what consideration Heimann was to receive for the conveyance. The other appellees, the Millers and the Schlakes, contend that appellant made .his contract with them knowing of the litigation, and that, according to the terms of the contract, if they could not get a clear title the contract was to be void and the $600 returned; that their interests are shown to have been divested by the sale and that they have none to convey, and appellant is entitled to no relief as against them.

It seems from the allegations of the bill that the Millers and the Schlakes were the owners of an undivided half of the five-acre tract and that Heimann was the owner of the other undivided half; that Wilke made his contract with the former, not for an undivided half, but for a specific half of the five-acre tract, and paid them $600 for it, agreeing to pay $2000 more on the consummation of the deal, and that he was and is in possession of the premises; that the litigation spoken of in the contract was a partition suit, and that the Millers and the Schlakes and appellant expected that this particular two and one-half acre tract would be set off to them and that they would then complete the trade. In that event it would have turned out that Heimann's signature to the contract would have been unnecessary. It further appears that Heimann refused to sign any contract to convey this piece to appellant, stating that it was unnecessary, but repeatedly promised him orally that he would convey the same to him at the proper time, and that with such understanding appellant desisted from intervening in the partition suit, and consented to Heimann's purchase of the whole five-acre tract after the

commissioners of partition and the court had found that it was impossible to divide the land. Now appellee Heimann relies on the Statute of Frauds to defeat the bill. His demurrer was general. Whether the question that the contract is within the Statute of Frauds can be raised on demurrer was considered in the recent case of *Dicken* v. *McKinley*, 163 Ill. 318, and it was there said, that where a bill shows affirmatively that a contract or promise to make a will is not in writing the defense of the statute may be raised by demurrer, and a contract to make a will devising real property was held to be a contract for the sale of real property. It was further said in that case, that where the bill states facts which are relied upon as a part performance for the purpose of taking the oral agreement out of the statute, and a demurrer is filed which admits such facts, the court must determine whether the facts relied upon do constitute part performance. See 8 Am. & Eng. Ency. of Law, 746; 9 Ency. of Pl. & Pr. 705.

Not only do the facts alleged in this bill (and for the purpose of the demurrer they are admitted) show sufficient acts of part performance to take the case out of the statute, as laid down in the decisions of this court, but they show further that appellee Heimann is estopped from setting up the statute by his acts and declarations, whereby he induced appellant to desist from asserting his rights and permitted and encouraged him to pay taxes and special assessments after Heimann had purchased the premises at the sale, under the pretense that he would make him a deed to them. If the partition proceedings had turned out as appellant expected, Heimann would have been divested of his interest in the premises; but by the decree of court and the sale Heimann acquired the whole title and divested the title of those with whom appellant had contracted, at the same time that Heimann represented to appellant that if he bought the premises he would convey them to appellant, and by such promise and representations prevented him from taking any steps

to preserve his rights in the premises. In view of these facts we have no doubt that Heimann, after the purchase, held the land subject to a constructive trust, as to the piece in controversy, in favor of appellant. *Henschel* v. *Mamero*, 120 Ill. 660; 1 Pomeroy's Eq. sec. 155; 2 id. sec. 1055.

The Statute of Frauds can never be invoked to perpetrate a fraud, (*Union Mutual Life Ins. Co.* v. *White*, 106 Ill. 67,) and it would clearly be a fraud on appellant for Heimann to be allowed to set up the statute after having lulled appellant into inactivity by his acts and representations. The payment of the taxes and special assessments on the premises immediately after the sale, by and with the consent and co-operation of Heimann, was for the benefit of Heimann; and besides, appellant offers by his bill to pay the amount still due from him into court, and although in another part of his bill he states this amount to be $2000, still, if the court, on the hearing, should be of the opinion that more was equitably due from appellant to Heimann, the court would have the power, under this bill, to enter a decree in appellant's favor on condition that he pay such amount as the court may find to be due. As to the other appellees, while it is true their interests in the premises appear to have been divested by the decree and sale, still, they were the parties to the contracts relied on, by which they agreed to return the amount paid to them as earnest money if they failed to get a clear title, and having become unable themselves to fulfill their agreements we see no reason why the equities of all the parties may not be adjusted in this proceeding.

The demurrers should have been overruled. The decree will therefore be reversed and the cause remanded, with directions to overrule said demurrers, and for further proceedings.          *Reversed and remanded.*