FERDINAND HEIMANN *et al.*

*v.*

CATHERINA WILKE.

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

RES JUDICATA—*when questions cannot be raised on second appeal.* Where the Supreme Court, on appeal, reverses a judgment sustaining a demurrer and holds that the facts alleged in the bill are sufficient to require the court to grant the relief prayed, if the facts so alleged are proved after the case is remanded the principles of law announced on the first appeal cannot be questioned on appeal from the decree granting such relief.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

COLLINS & KENNEDY, for appellants.

J. HENRY KRAFT, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Frank Wilke filed his bill in this case in the circuit court of Cook county against appellants and others to compel a conveyance by appellants of two and one-half acres of land in said county. The court sustained a demurrer to the bill and dismissed it. The complainant brought the record to this court by appeal, and we decided that the facts alleged in the bill of complaint were sufficient to require the court to grant the relief therein prayed for and that the court erred in sustaining the demurrer. The decree was reversed and the cause remanded to the circuit court with directions to overrule the demurrer. The nature of the case and the averments of the bill are set out at length in the opinion then filed. (*Wilke* v. *Miller*, 171 Ill. 556.) The cause was reinstated in the circuit court, and the demurrer having been overruled the defendants answered the bill. The separate answer of appellants denied the averments upon which the prayer for relief was founded and also claimed the benefit of the Statute of Frauds. The issues were referred to a master in chancery, and his term having expired the reference was continued to him as a special commissioner. Frank Wilke died, and the appellee, Catherina Wilke, his sole devisee, was substituted as complainant. The special commissioner reported the evidence with his conclusions that the material averments of the bill were proved, and that the defendant Ferdinand Heimann, by the purchase of the five acres at the master's sale, acquired title to the two and one-half acres thereof which are in controversy, upon a constructive trust for complainant, and that appellants should be decreed to convey the same upon the payment of a proportionate share of the purchase price, with subsequent taxes

and interest. Exceptions to the commissioner's report were overruled and a decree was entered in accordance with the report. From that decree this appeal was prosecuted.

All questions of law in this case were settled on the former appeal, including the question whether the Statute of Frauds was available as a defense to the bill. The principles of law then announced cannot be questioned on this appeal. (*Taylor* v. *Frew,* 113 Ill. 358; *Keokuk Bridge Co.* v. *People,* 185 id. 276; *Pease* v. *Ditto,* 189 id. 456.) Upon the reference to the master the facts alleged were proved and were found and reported by him to the court, and the findings were approved by the court.

The decree is affirmed.

*Decree affirmed.*