CHARLES F. HEMENWAY *et al.*

*v.*

BENJAMIN F. THOMPSON *et al.*

*Opinion filed April 18, 1907.*

RES JUDICATA—*when finding by Supreme Court is conclusive on second appeal.* A finding by the Supreme Court that a bank, by reason of the knowledge and acquiescence of its officers in the fact that it had been made a party to a foreclosure suit, was estopped to deny that it was a party to the suit or bound by the decree, is conclusive on a second appeal in the case, where the new evidence in the second trial tends only to show that the bank had not expressly authorized the suit, and was not, in fact, interested in the mortgage.

APPEAL from the Circuit Court of Rock Island county; the Hon. W. H. GEST, Judge, presiding.

CHARLES M. OSBORN, GEORGE W. WOOD, and BURTON F. PEEK, for appellants.

JAMES WICKHAM, and JACKSON, HURST & STAFFORD, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case was before this court at a former term and will be found reported in 218 Ill. 46. It was then brought here on appeal by the present appellees from a judgment against them in favor of the present appellants. That judgment was reversed by this court and the cause subsequently remanded to the circuit court. A full statement of the facts and the views and conclusions of the court will be found in the volume and the page mentioned. A trial had in the circuit court after the remandment by this court resulted in a judgment in favor of appellees, and appellants have prosecuted this appeal to reverse that judgment.

The present record is substantially the same as the record on the former appeal, and every question raised and dis-

cussed in the briefs and arguments embraced in this appeal was determined and decided on the former appeal. Appellants contend that there was some additional evidence on the second trial that was not in the former record. This additional evidence consists of the testimony of Hemenway and Wood, who both testified on the first trial, and O. F. Anderson, who at the time of the last trial was cashier of the bank that succeeded the Moline State Savings Bank. It is claimed the testimony of these witnesses shows that Wilkinson had no authority to make the Moline State Savings Bank a party to the bill to foreclose the blanket mortgage. Hemenway, who, as stated in the former opinion, made the copy of the note used by Judge Wilkinson, testified the Wheelock estate was good and relied upon by the bank for the payment of the note, and witness' idea was that the copy of the note given to Judge Wilkinson was for some purpose for the benefit of the Wheelock estate. He further testified the bank owned the note at the time, and that while Wilkinson appeared, so far as the record shows, for and represented the bank, all of which the witness knew, he says it is his opinion that Wilkinson was not authorized to appear for the bank. Wood testified as to how he came to sign an appearance for the bank at the request of Judge Wilkinson, and of his conversation with Judge Wilkinson at the time and with others than appellees and their representatives afterwards. Anderson testified that as cashier of the bank he had examined the records of the bank and found no memorandum of the employment by the bank of Wilkinson in that suit nor any record of the note having been delivered to him. It is argued that the record now shows the Moline State Savings Bank had no interest in the blanket mortgage or the suit to foreclose it; that the $2500 note it held of the J. S. Keator Lumber Company was not secured by that mortgage; that said Moline State Savings Bank was not a party to that foreclosure proceeding in such manner as to bind and conclude it by the decree in that suit.

The holding in the former opinion of this court that the Moline State Savings Bank was a party to the proceeding to foreclose the blanket mortgage and bound by the decree in that case was not based upon the assumption that the bank had expressly employed and directed counsel to make it a party to that proceeding or that said bank was really interested therein. It is proven, and is not now denied, that the bank officers knew, for a long time before a decree was entered, that the bank was a party to the suit, and this acquiescence, with knowledge of the fact, we held precluded appellants from denying that the bank was a party or that it was bound by the decree in that case, and on this proposition it was said (p. 56): "It is sufficient that the suit was prosecuted in its [the bank's] name with its knowledge, and decree rendered therein after such knowledge without objection on its part.—2 Ency. of Pl. & Pr. 682; 24 Am. & Eng. Ency. of Law, (2d ed.) 737; *Logan* v. *Trayser,* 77 Wis. 579; *Carpenter* v. *Carpenter,* 99 N. W. Rep. 395." It was further held that the bank being a party to the suit, it was bound not only by what was litigated and determined therein, but also by what might have been raised and determined in said suit. It was also held on the former appeal the judgment of appellees against the J. S. Keator Lumber Company was a prior lien to both the mortgage to the Moline State Savings Bank and the blanket mortgage; that the sale made under the foreclosure of the latter mortgage was as much for the satisfaction of the judgment lien as of the mortgage, and that, as between all the parties to that foreclosure proceeding, the title acquired by appellants by their purchase under that sale should relate back to the date of the lien of their judgment.

It would be useless to extend this discussion further. There is nothing in this record that would justify a departure from the conclusion announced in the opinion of this court on the former appeal. The judgment of the circuit court is therefore affirmed.      *Judgment affirmed.*