## The People of the State of Illinois, Defendant in Error, v. George P. Powers, Plaintiff in Error.

### Gen. No. 6,407.

1. CRIMINAL LAW, § 103*—*when special pleas are properly stricken from files.* Special pleas not dilatory filed with general issue in a criminal case are unnecessary and are properly stricken from the files.

2. CRIMINAL LAW, § 496*—*how question whether evidence is same as on former appeal may be determined.* The Appellate Court to determine whether the evidence in a criminal case before it is the same in the present record as in the record when the same case was formerly before it may properly examine both the opinion and the former record remaining in the Appellate Court.

3. CRIMINAL LAW, § 496*—*when decision on former appeal is not binding.* In a criminal prosecution for the sale of intoxicating liquors in anti-saloon territory and for keeping a place which was a nuisance in violation of the Dramshop Act (J. & A. ¶ 4637 *et seq.*), *held* that the record in the case contained new evidence not in the case when it was formerly before the court, so as not to render the decision on the former appeal binding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. INTOXICATING LIQUORS, § 151*[1]—*when evidence shows that defendant was keeper of place where liquors were sold.* Evidence *held* to warrant a finding that defendant was the real keeper of the place and that liquors were sold there during the time covered by the information, in a prosecution under the Dramshop Act (J. & A. ¶ 4637 *et seq.*) for the sale of liquor in anti-saloon territory.

5. INTOXICATING LIQUORS, § 112*—*what is effect of acquittal under some counts of information.* The acquittal of a defendant in a criminal case under several counts of an information for sales of liquor in anti-saloon territory in former trials, *held* no bar to a conviction under another count for keeping a room where intoxicating liquor was sold.

6. CRIMINAL LAW, § 227*—*when refusal to allow reopening of case for introduction of testimony is proper.* In a prosecution for the sale of intoxicating liquor in anti-saloon territory, and for keeping a place which was a nuisance, the refusal of the court to reopen the case and permit defendant to explain why he gave his wife a deed to the premises to secure her, instead of a mortgage, after he had already testified fully in chief and on cross-examination and recall giving his explanations, was not erroneous.

7. INTOXICATING LIQUORS, § 158*—*when instruction in criminal prosecution is proper.* An instruction in the language of the Dramshop Act, in a prosecution for the illegal sale of intoxicating liquor in anti-saloon territory and for keeping a place which is a nuisance under such act, is not erroneous.

Error to the County Court of Boone county; the Hon. WILLIAM C. DE WOLF, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 16, 1917.

WILLIAM L. PIERCE and ALEXANDER J. STROM, for plaintiff in error.

F. A. OAKLEY, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

An information containing eight counts was filed against George P. Powers in the County Court of Boone county and he was tried and convicted under the first and eighth counts, and we reversed that judgment and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

remanded the cause in *People v. Powers,* 200 Ill. App. 536, where the facts as they then appeared to the court were stated. After the cause was reinstated in the trial court, the State's Attorney, by leave of court, filed an amended first count, and the cause was tried upon the amended first count and the eighth count, and defendant was acquitted under the amended first count and convicted under the eighth count. The latter was a nuisance count and there was a judgment of fine and imprisonment and abatement of the nuisance until the statutory bond should be given. Defendant seeks a review of that judgment.

Defendant pleaded the general issue and certain special pleas. The special pleas were stricken from the files. They were not dilatory pleas and they were therefore unnecessary under *Hankins v. People,* 106 Ill. 628; and *People v. Brady,* 272 Ill. 401.

Our former reversal was based on the ground that the evidence was insufficient to justify a verdict that Powers was the keeper of the place, 423 South State street in the City of Belvidere, specified in the eighth count. The main contention of defendant here now is that the evidence at this trial on that subject is substantially the same as on the former trial and therefore we must adhere to our former decision and reverse the judgment. To show us what the evidence was in the former trial, defendant has filed copies of the abstract in the former case. The People argue that as there was no proof made in the court below what the evidence was in the former trial and as the record of the court below in this case does not show what that former evidence was, this abstract is not subject to our inspection and we cannot judicially know what that evidence was. There are many cases in the Supreme and Appellate Courts where it is held that if the evidence in the record brought to a court of review upon the second appeal or writ of error is the same as at the first review of the case, the parties are bound

by the conclusion of the court on the facts on the first review. Most of these cases, however, do not disclose the means by which the reviewing court ascertained whether the evidence was substantially the same in both cases. Some of the cases show that the reviewing court resorted to its former opinion to ascertain the facts. Such appears to have been the case in *Taylor v. Frew,* 113 Ill. 358; *In re Estate of Maher,* 210 Ill. 160, on page 165, and *Hemenway v. Thompson,* 227 Ill. 146. Other cases indicate that the reviewing court resorted to the record before it on the former review. Among these are *Rising v. Carr,* 70 Ill. 596; *Smyth v. Neff,* 123 Ill. 310; *Chicago & A. R. Co. v. Kelly,* 182 Ill. 267, and *People v. Carr,* 265 Ill. 220. In the latter case the question was whether the County Court in that case could take judicial notice of its records in certain other cases previously before it. It was held that although the former cases were between the same parties and involved the same subject-matter, yet they were not the same proceeding and hence the County Court, could not take notice of its own records in those cases. The court there said: "A court will take judicial notice of its own records and thus dispense with proof identifying such records, but it will not take judicial notice of the contents of any of its records except the one in the proceeding before it." The implication is that if it had been the same proceeding the County Court should have taken judicial notice of its former record. The same question has been before the Appellate Courts. In *World's Columbian Exposition Co. v. Lehigh,* 94 Ill. App. 433, the court held: "Both appeals being between the same parties and in the same suit, we can take judicial notice of the record in the former appeal, and if the facts on the former trial were the same as on the second trial, which resulted in the judgment from which the present appeal is taken, we are concluded by the adjudication of the court in the former

appeal.'' The court evidently examined its former record in *Middeke v. Balder*, 98 Ill. App. 525, and *Illinois Cent. R. Co. v. Seitz*, 111 Ill. App. 242. We therefore conclude that to determine whether the evidence is the same in the present record as in the record when the same case was formerly before us, we may properly examine both our opinions and the former record remaining in this court. If so, we may examine the former abstract as a convenient method of getting at the contents of the former record.

In our view there is new and important evidence in this record. The City of Belvidere became anti-saloon territory on May 7, 1914. The information in this case was filed on October 28, 1915. One item of new evidence in the present record is proof that in July, 1914, Powers took out a federal license as a retail liquor dealer for the year beginning July 1, 1914, and expiring June 30, 1915, thus covering a large portion of the time to which the other proof relates. It did not name No. 423 South State street, or give any other street number, but gave the place of business as Belvidere, Illinois. Defendant gave his reason for procuring that license, which, of course, could not be directly contradicted, and argues here that that reason must be accepted as the true one. He stated that he had in his cellar at home some cider which he was afraid would get hard and he wanted to sell it, and he did not know but what he might go into the cider business further, and so to protect himself against the federal statute he procured this license as a retail liquor dealer, and hung it up in his cellar. On cross-examination he stated that he had half a dozen barrels of cider in his cellar, and then that he had five. The cross-examiner then assumed in a question that he had ten barrels of cider and he did not contradict that. He testified that he afterwards sold part of it and that he did not sell it at retail nor in his cellar. He was entirely unable to tell to whom he

sold it or how he sold it. The jury might very well have concluded either that he had no such cider in his cellar or that it was in fact sold at 423 South State street. At the front door at that place was the sign, "G. P. Powers, Buffet," and his name also appeared on the side door of that building on another street. If the federal government had accused Clark of selling intoxicating liquors at that place without a government license, this license held by Powers could very easily have been used to protect sales at 423 South State street. Moreover, he paid $25 for that license, and the jury might well doubt whether defendant would pay that sum to protect himself in the sale of some portion of five barrels of cider.

In the former record Powers was cross-examined as to a conversation with the mayor, but the mayor was not a witness. At the last trial the mayor was a witness and testified to two conversations with Powers, one about April 30, 1915, and the other in the following June. The tenor of the conversations was that Powers sought to have the mayor and police not interfere with his keeping the place at 423 South State street, and in those conversations Powers spoke of the property and the business carried on there and the receipts he hoped to derive from it as being his own. There was also additional evidence of ten barrels containing bottled beer having been shipped to Belvidere from a brewing company in another town and having been delivered in the rear of this lot about three weeks before this information was filed. On cross-examination defendant was a much less valuable witness in his own behalf than on the former trial, and he made several admissions that he did not make then. Again, he testified as at the former trial that he deeded this property to his wife as security for $6,000, which she then paid him. On cross-examination at this trial he testified that his wife obtained that money from the Farmers' Bank in Belvidere. A little later he

took the stand and said that he was mistaken and that she got the money from Chicago. The jury might well believe that after he had given that first testimony and left the stand, some one ascertained either that his wife had no such account at that bank or that she had drawn out no such sum. Certainly it tended to depreciate the value of his testimony.

While the State was not trying to convict under as many counts and did not have as much evidence of sales as at the former trial, yet there was some new evidence on that subject, and there was evidence growing out of defendant's cross-examination showing sales at that place of that which other witnesses identified as intoxicating or malt liquor. We do not doubt that the jury were warranted in finding that such liquors were sold at that place during the time covered by the information, and we conclude that under the additional testimony and the matters developed in the cross-examination of Powers, the jury were warranted in finding that he was the real keeper of that place, notwithstanding Clark, his former barkeeper, professed to be the proprietor.

Defendant contends that as he was acquitted at the first and second trials of the sales specified in the first seven counts, he could not be convicted under the eighth count. That count charged that Powers unlawfully kept a room in a building at 423 South State street, Belvidere, which room was a place of public resort where intoxicating liquors were then and there sold in violation of the statute. We are of opinion that this conviction can be sustained, notwithstanding his acquittal under the first seven counts.

Defendant contends that the court erred in refusing to permit him to explain why he gave his wife a deed of this property to secure her, instead of a mortgage. He had testified fully in chief giving his explanations and had been cross-examined upon them, and was recalled; and also the question only asked for the con-

dition of his mind on the subject and to have him tell what reasons influenced him. We do not think the court erred in not reopening that subject. The State's Attorney had a right to argue that the real reason why he made this conveyance was to evade responsibility as a retail liquor dealer in view of his previous conviction for violation of the anti-saloon law, which was shown under the amended first count, but otherwise the transfer was of little importance in this case. It was only as security for a loan, and therefore Powers continued to own the property, and if he was the real keeper the fact that he executed in his wife's name a lease to Clark would not change the situation.

The first instruction given for the People was in the language of the statute and not erroneous. We are of opinion that the other instruction complained of is not subject to the criticism made upon it. The judgment is therefore affirmed.

*Affirmed.*